FREDERICK S. FULLER & another, executors, *vs.*
MANUEL L. SYLVIA.

Bristol.    October 24, 1921. — November 21, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Probate Court,* Appeal, Issues for jury. *Jury and Jurors.*

Under G. L. c. 215, § 22, an appeal, by a person opposing the proof and allow-
ance of an alleged will, from a denial of a motion under G. L. c. 215, § 16, for
the framing of issues to be tried by a jury in the Superior Court comes directly
to this court without waiting until the case is ripe for final decree.

The record before this court upon an appeal of the character above described com-
prised certified copies of the petition for the allowance of the will, of the citation
thereon with return of service, of the will, of the motion for the framing of
issues, of the decree denying that motion and of the appeal from that decree.
There was no report of the evidence and no report of the material facts or of
the questions of law, if any, presented respecting the jury issues. *Held,* that

(1) The question presented for decision was, whether any error was apparent
upon the record;

(2) The Probate Court was not bound as a matter of law to grant the motion
for jury issues.

Trial by jury of issues arising in the ordinary course of proceedings in probate
courts in this Commonwealth is not a matter of right, but "rests in the usages
and discretion of the court."

The power given to the Probate Court by G. L. c. 215, § 16, to frame issues for
trial in the Superior Court is as broad and no broader than that previously
vested in the Supreme Judicial Court as the supreme court of probate.

Statement by RUGG, C. J., of the established practice relating to the framing in
probate matters of issues to be tried by jury.

Motions, in probate proceedings relating to the proving and allowance of wills,
for the framing of issues to be tried by jury are allowed only if the court is
satisfied that there is a genuine and doubtful question of fact to be determined.

Description by RUGG, C. J., of the issues generally framed when, in probate pro-
ceedings relating to the proof and allowance of wills, motions for the framing
of issues to be tried by jury are allowed.

A petition for the proof and allowance of an alleged will of a deceased resident of
New Bedford was filed in the county of Bristol on December 1, 1920. The peti-
tion contained allegations that there were twenty-four next of kin of the decedent,
who were resident, respectively, in the county of Bristol, in the States of Rhode
Island and California, and in the Azores. A citation was issued returnable on
December 17 and directed service by publication and by mailing to all persons
interested. On January 10, 1921, one contestant moved for certain jury is-
sues. The motion was denied and the contestant appealed. When the appeal

came on to be heard by this court on October 24, 1921, the appellant moved
for a continuance in order to allow other contestants to present kindred motions
for issues. The motion was denied.

PETITION, filed in the Probate Court on December 1, 1920,
for proof and allowance of the will of Antone Lial Sylvia, late of
New Bedford.

The alleged will contained forty-three paragraphs. The petition
for proof and allowance of the will stated the names of twenty-
four alleged next of kin of the decedent residing, respectively, in
New Bedford, Fall River and Dartmouth in this Commonwealth
and in the States of Rhode Island and California and in the
Azores. There were legacies to Mary Frazier, a daughter of John
W. Frazier, named in the instrument as a stepson of the dece-
dent, to his wife Mary, to his son, Joseph Anthony Frazier, and
to the son's wife and son, none of whom were named in the peti-
tion for proof and allowance of the will as next of kin of the dece-
dent; and they were beneficiaries under a trust established by
the forty-first paragraph. By the fortieth paragraph, "Mary
F. Frazier, daughter of my stepson, John W. Frazier," was
given the decedent's "house and land at 89 South Sixth
Street."

A citation was issued, returnable on December 17, 1920, and
ordering service by publication in a certain New Bedford news-
paper and by mailing or delivering a copy of the citation "to all
known persons interested in the estate."

On January 10, 1921, certain of the contestants filed a mo-
tion "that the following issues of fact be certified to a jury as
aforesaid:

"1. Was the document presented to this Court as the will of
Antone Lial Sylvia, late of New Bedford, executed in accordance
with the law of this Commonwealth?

"2. Was the testator, Antone Lial Sylvia, of sound and dis-
posing mind and memory at the time of the execution by him of
the alleged will herein presented for probate?

"3. Was the execution of the alleged will of the testator herein
procured by the fraud or undue influence of Joseph Anthony
Frazier or any person in his behalf?

"4. Was the execution of the will herein presented for probate
secured by the fraud or undue influence of Mary Francis Frazier?

"5. Was the execution of the document presented for probate as the will of Antone Lial Sylvia procured by the fraud or undue influence of John W. Frazier?

"6. Was the execution of the document herein presented for probate as the will of Antone Lial Sylvia procured by the fraud or undue influence of Mary Frazier, wife of John W. Frazier?

"7. Was the execution of the document herein presented for probate as the will of Antone Lial Sylvia procured by the fraud or undue influence of John Frazier, son of said John W. Frazier?"

The motion was heard by *Hopkins*, J. The record does not disclose whether any evidence was presented at the hearing of the motion. The motion was denied; and Manuel L. Sylvia of Fall River, one of the contestants, appealed.

When the appeal came on to be heard before this court, the contestants moved that it be continued to give other next of kin, who had not yet appeared, an opportunity to present motions for jury issues.

*J. Semonoff,* for the respondent.

*J. T. Kenney,* for the executors.

RUGG, C. J. This is an appeal from a decree of the Probate Court denying a petition by certain heirs at law of the alleged testator, who contest the allowance of his will, to frame issues of fact to be tried by a jury. An appeal from such an interlocutory decree comes directly to this court under G. L. c. 215, § 22, without waiting until the case is ripe for final decree. That statute makes an exception in this particular to the usual equity practice of not considering appeals from interlocutory decrees until the case is ripe for final decree. *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, 546.

The record in the case at bar consists of (1) the petition for the allowance of the will, (2) citation thereon with return of service, (3) copy of the will, (4) petition for the framing of jury issues, (5) decree denying the same, and (6) appeal from that decree. There is no report of the evidence and there is no report of the material facts or of the questions of law, if any, presented respecting the petition for jury issues. G. L. c. 215, §§ 11, 12.

The question to be decided is whether there is any error of law apparent upon this record. *Dorsey* v. *Corkery,* 227 Mass. 498. Since there is no report of evidence, *Lindsey* v. *Bird,* 193 Mass.

200, and no finding of fact, *First Baptist Society in Brookfield* v. *Dexter*, 193 Mass. 187, the broader questions which sometimes arise on appeal are not here disclosed. The single point presented is whether as matter of law the Probate Court was bound on request to frame issues to be tried to a jury.

Respecting strictly probate matters it is provided by G. L. c. 215, § 16, that the Probate Court "upon the application of a party and in accordance with the practice established by the Supreme Judicial Court in like cases, may direct that any issues of fact shall be tried by a jury in the Superior Court," and shall settle the form of such issues.

It is too well settled for discussion that trial by jury upon issues arising in the ordinary course of probate courts under our system of division of judicial powers is not matter of right. Trial by jury in such cases "rests in the usages and discretion of the court." *Davis* v. *Davis*, 123 Mass. 590, 593. *Fay* v. *Vanderford*, 154 Mass. 498. *Doherty* v. *O'Callaghan*, 157 Mass. 90. *McKay* v. *Kean*, 167 Mass. 524.

The express words of said § 16 import into the practice of framing jury issues by the probate court (for the first time conferred upon that court by the recent St. 1919, c. 274, § 7, now embodied in said § 16), the practice established by the Supreme Judicial Court in like cases. We interpret this to mean the usage of the court as it has come to be applied apart from strict legal right. The power of the Probate Court to frame issues is as broad and no broader than that previously vested in the Supreme Judicial Court as the supreme court of probate.

1. The practice established by the Supreme Judicial Court under this branch of its jurisdiction has been to frame issues for trial to a jury only in cases involving the probate of wills. That is the general rule. The history of probate jurisdiction in this Commonwealth makes it clear that the questions presented in that court commonly require adjudication by a judge familiar with domestic relations and not by a jury. Questions of the appointment and removal of administrators, guardians and conservators, and of adoption, the settlement of accounts, the determination of controversies respecting separate support and maintenance, and as to custody and support of children and numerous other kinds of probate litigation, which need not be enumerated,

require the sympathetic wisdom of an experienced judge, rather than the decision of a jury.

Rare instances may be found where this rule has not been followed. For example, questions of undue influence and coercion in an adoption were submitted to a jury in *Phillips* v. *Chase*, 203 Mass. 556, although the sound practice apparently was established to the contrary in *McKay* v. *Kean*, 167 Mass. 524, and *Fiske* v. *Pratt*, 157 Mass. 83. The issue of legitimacy commonly has been regarded as one for the court, *Gibson, appellant,* 154 Mass. 378, *Houghton* v. *Dickinson,* 196 Mass. 389, although possible exceptions in this practice may be discovered. Without undertaking to find all the instances in the books, it is to be said that the thoroughly established practice of the Supreme Judicial Court for many years has been to frame issues for trial by jury in will cases alone.

2. It has been the established practice not to grant issues in all will cases as matter of course. The mere request for the framing of such issues is not enough, without the presentation of facts on which to found a reasonable hope for a result favorable to the party requesting the framing of issues. A contrary practice would afford opportunity for abuse in causing great delay and expense in the settlement of estates.

3. It was said by Chief Justice Knowlton in this connection that "the question is whether there is evidence of facts which present a real question proper for judicial inquiry, or whether the opposition to the will is entirely unfounded in law, resting on the disappointment or anger of a dissatisfied heir, or on his hope, by threatening trouble and expense to the estate, to induce the legatees to buy a settlement." The practice has been for the single justice to satisfy his own mind that there is a genuine and doubtful question of fact to be decided. That has been done usually by conference with counsel and upon statement by them of the nature of their evidence in such detail as may be thought necessary or by brief examination of witnesses. Counsel have been cross-examined about these facts and in cases of doubt witnesses have been required. When the single justice has satisfied his own mind that there is such a real and true question of fact to be tried supported by evidence of a substantial nature, then issues were framed in almost every case. That has been the practice. In all other cases issues were not framed.

4. Issues are framed only respecting points as to which it is found that there is a veritable controversy of fact. For instance, if it is found by the judge that there is question about the soundness of mind of a testator, and about nothing else, an issue to that one point alone has been framed.

5. Three or at most four issues in general cover every point likely to arise in a will case. Those issues are:

(A) Was the instrument propounded for probate as the last will of A B executed according to law?

That issue involves not only the points of signature by the testator and of proper attestation by the witnesses, but also of knowledge by the testator of the contents of the instrument. *Richardson* v. *Richards*, 226 Mass. 240. As matter of experience it has been found that cases are comparatively rare where there is an actual controversy of fact as to the execution of the instrument according to the forms of law, and this issue has not frequently been framed.

(B) When there is no honest dispute concerning the execution of the instrument according to the forms of law but there is a doubtful question whether the instrument was executed with a knowledge of its contents by the testator and with an understanding and purpose that it should be his last will and testament, another issue may be framed. Instances may arise where there is genuine controversy whether there was some trick or deception or mistake in substituting an instrument, not conformable to the instructions of the person signing it, for one supposed by him to be written as he directed. *Barker* v. *Comins*, 110 Mass. 477, 487. In such cases an issue in substance in this form has been framed:

Did the said A B execute said instrument with the understanding and purpose that it should be his last will and testament?

Instances possibly may arise where issues (A) and (B) may be framed in the same case although in a broad sense issue (A) includes issue (B).

(C) Was the said A B of sound mind (or of sound and disposing mind and memory) at the time of the execution of the said instrument?

(D) Was the said alleged will procured to be made through the fraud, or undue influence of C D and E F or either of them?

The person or persons who are claimed to have exercised undue influence must be named and not left to general and indefinite description.

The fourth issue (D) may be varied as occasion may require and include only a part of the instrument, if only a part is alleged to have been produced by fraud or undue influence. See *Old Colony Trust Co.* v. *Bailey,* 202 Mass. 283; *Rowe* v. *Collamore,* 238 Mass. 15. This variation of the issue, however, as matter of practical experience, has been found to be required in exceedingly few instances. It should be granted only when the designated part is very separate and distinct in every particular from the rest of the will, and when all the circumstances seem to require it in order that justice may be done.

This statement of the prevailing practice of the Supreme Judicial Court makes it plain that the framing of issues may well have been rightly refused by the Probate Court in the case at bar. No error of law is disclosed on the record.

The motion made at the argument at the bar for the continuance of the case in order that time may be allowed for other parties to present kindred issues is denied.

*Decree denying motion for jury issues affirmed.*