JOHN W. JOHNSON & another *vs.* ERNEST D. TALBOT & others.

Middlesex.    January 29, 1926. — February 26, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Probate Court,* Issues for jury, Appeal. *Evidence,* Of state of mind, Presumptions and burden of proof.

Counsel for next of kin opposing the allowance of a will made by a woman seventy-two years of age, at the hearing of a motion by them for the framing of an issue as to the soundness of mind of the alleged testatrix, offered to prove isolated facts as to eccentricity and lonely living but nothing, excepting that she had high blood pressure, to show that at the time when the will' was executed her health was impaired. From an estate of $158,000 she gave $9,100 in pecuniary legacies to her nieces and nephews and some others and the balance to the Massachusetts Society for the Prevention of Cruelty to Animals which had been the chief beneficiary in two previous wills made by her during a period of eighteen years. She was fond of animals. The judge allowed the motion. The petitioner appealed. *Held,* that

(1) A sound and disposing mind means a mind of natural capacity, not unduly impaired by old age or enfeebled by illness or tainted by morbid influence;

(2) From the statements of counsel in the light most favorable to the contestants, and the inferences which might properly be drawn therefrom, there was nothing to show that at the time the instrument was executed the testatrix was lacking in mental capacity;

(3) The motion should have been denied.

PETITION, filed in the Probate Court for the county of Middlesex on May 15, 1925, for the proof of an alleged will of Louisa C. Hudson, late of Concord.

Five nephews and five nieces, comprising all the next of kin of the alleged testator, opposed proof of the will. A motion by them for jury issues was heard by *Beane, J.,* a stenographer having been appointed under the provisions

of G. L. c. 215, § 18. Material facts offered to be proved by counsel for the contestants are described in the opinion. The motion for the framing of the issue described in the opinion was allowed. The petitioners appealed.

The case was submitted on briefs.

*J. W. Johnson & E. Johnson,* for the petitioners.

*L. R. Chamberlin & C. Bosson,* for the respondents.

CROSBY, J. This is an appeal from an order of the Probate Court directing an issue to be submitted to a jury, on the petition for the allowance of the will of Louisa C. Hudson, late of Concord. The issue was as follows: "Was the said Louisa C. Hudson at the time of the execution of the said alleged will of sound mind?"

The question before us is substantially as it was before the Probate Court, where the motion was heard on statements of counsel on both sides without the introduction of oral testimony. The order of the judge of probate in granting the issue is entitled to weight, and will be carefully considered on appeal therefrom to this court. The judge made no findings of fact. If upon the statements of counsel there is no presentation of facts "on which to found a reasonable hope for a result favorable to the party requesting the framing of issues," the judge of probate is not warranted in framing issues for a jury. *Fuller* v. *Sylvia,* 240 Mass. 49, 53.

The will was executed by the testatrix, a widow, on January 9, 1922. She died May 9, 1925. She was survived by five nephews and five nieces, all of whom are contestants. Under the will, Mrs. Hudson gave to her sister, Alice V. Engarde, her wearing apparel, jewelry, furniture and other articles; she also made two other small bequests and then gave all the residue of her property to trustees for the use and benefit of her sister for life, with a power to pay over such portions of the principal as might be needed for her support and comfort. At the death of the sister, the will provides for the payment of legacies aggregating $9,100, of which $5,000 was a legacy to her niece Marion L. Engarde who was in poor health, six were legacies of $500 each to six of her nephews and nieces; and three were legacies amounting in all to $1,100 to three other persons.

The will then provides: "(j) All the remainder of said trust fund I give, devise and bequeath to the Massachusetts Society for the Prevention of Cruelty to Animals, to have and to hold to them and their assigns forever."

The evidentiary facts stated by counsel for the contestants, in support of their contention that Mrs. Hudson was not of sound mind when she executed the will, may be summarized as follows: The deceased had been a widow for thirty-one years before her death. Most of that time a niece of her husband, named Hannah Hudson, lived with her, and died in 1920. She had stated to some of her relatives, and others, that she was poor, and during the fall before the will was executed her house was not kept warm. There was a telephone in her bedroom, the door to which she kept locked at night. She had a cat to which she was much attached. She was slovenly in her dress, and was in the habit of coming to breakfast partially dressed. In the fall before the will was executed she was sick and there was a change in her mental condition. She repeated stories she had previously told. She kept in a storeroom trunks filled with articles of little or no value, and she collected balls of twine and knitted stockings of it, which she wore. She expressed a fear of snakes. She had a great interest in and affection for domestic animals. Some years ago she underwent a severe surgical operation. She was secretive concerning her business affairs and kept her own counsel. When she went to Boston to consult with her counsel or brokers she did not say where she was going or when she would return. She mingled little with other people, but was interested in flowers and housekeeping, and was fond of cats.

In 1904 she executed a will in which the Massachusetts Society for the Prevention of Cruelty to Animals was made the chief beneficiary; and in 1917, or thereabouts, she made another will in which the same society was made the chief beneficiary. The wills indicate that for many years the deceased desired to give the bulk of her estate to the same charity. *Cummins* v. *McCawley*, 241 Mass. 427.

The will in question was made when she was about seventy-two years of age, and for about eighteen years she appears to

have manifested the same purpose as to whom she desired the bulk of her property should go at her death. It was also stated that a large portion of her estate, which amounted to about $158,000, was accumulated as the result of safe and discriminating care and good judgment on her part; that she was a bright, intelligent woman. There is nothing offered to show that at the time the will was executed in 1922 her health was impaired except that she had a high blood pressure.

"A sound and disposing mind means a mind of natural capacity, not unduly impaired by old age, or enfeebled by illness, or tainted by morbid influence." *Whitney* v. *Twombly*, 136 Mass. 145, 148. From the statements of counsel in the light most favorable to the contestants, and the inferences which might properly be drawn therefrom, there is nothing to show that at the time the instrument was executed Mrs. Hudson was lacking in mental capacity. The instrument itself does not indicate unsoundness of mind. The disposition of the larger part of the estate to charity is not unreasonable or unjust to her next of kin. *Clark* v. *McNeil*, 246 Mass. 250. *Old Colony Trust Co.* v. *Pepper*, 248 Mass. 263, 265. A gift to the Massachusetts Society for the Prevention of Cruelty to Animals has been held by this court to be a charitable gift. *Massachusetts Society for the Prevention of Cruelty to Animals* v. *Boston*, 142 Mass. 24. It is plain that, upon the statement of counsel for the contestants, if evidence was presented to a jury in support of these statements, a verdict that she was of unsound mind when the will was made would not have been warranted. *Wilbar* v. *Diamond*, 249 Mass. 568. *Johnson* v. *Jenks*, 253 Mass. 25.

It follows that the order of the Probate Court directing that an issue be submitted to a jury as to whether the deceased was of sound mind at the time of the execution of the instrument propounded as her last will was erroneous.

*Order reversed.*