BARTLETT MAYHEW *vs.* FRANK W. CHASE.

Dukes County.    November 7, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court,* Jury issues.

Where, at the hearing of a motion, by a respondent in a petition for the proof of a will, for the framing of issues to be tried in the Superior Court, there is no evidence offered or introduced which relates to or raises any question respecting the execution of the will, it is error for the court to frame as issues: (1) "Was the instrument propounded for probate as the last will of . . . [the alleged testator] executed according to law?" and (2) "Did the said . . . [alleged testator] execute said instrument with the understanding and purpose that it should be his last will and testament?"

PETITION, filed in the Probate Court for the county of Dukes County on September 19, 1927, for the proof of the will of Benjamin C. Chase, late of West Tisbury.

A motion by Frank W. Chase, a brother of the decedent,

for jury issues was heard in the Probate Court by *Davis, J.* The respondent offered to prove the following:

"The decedent had a serious illness about ten years before his death and his health had failed since that time. For several months before his death he suffered from an organic disease of the kidneys which affected his mind, producing at times delirium and unconscious periods. He failed in his memory, sometimes being unable to recognize people whom he had known well and being unable to recall recent events. For the last two months before his death he was unable to carry on connected conversation and was very weak physically, being confined to his bed the greater part of the time and at times unconscious. The will was dated August 29, 1927, and the decedent died September 15, 1927, at the age of sixty-eight.

"Laura N. Hoft, the sole beneficiary under the will, is not related to the decedent. She had lived as housekeeper with the decedent at various times since 1912, living there most of the time. She had been fully paid for her services and had received from decedent substantial gifts from time to time. The said Laura told different people at various times, extending over a period of several months, that she was trying to get Chester to make a will and on one occasion said that if Chester would not make a will she would write one herself and sign his name to it."

By order of the judge, a decree was entered framing, besides the issues quoted in the opinion, third and fourth issues, whether the alleged testator was of sound and disposing mind and memory at the time of the execution of the alleged will, and whether it was procured to be made through the fraud or undue influence of Laura N. Hoft. The petitioner appealed from the decree generally. In this court he waived his appeal as to the third and fourth issues and stated that the sole issue presented by the appeal was, whether or not the court was right in allowing the first and second issues.

The case was submitted on briefs.

*G. M. Poland & F. H. Davis,* for the petitioner.

*A. Fuller,* for the respondent.

CROSBY, J.   The petitioner is named as executor in an instrument, purporting to be the will of Benjamin Chester Chase, which was presented for allowance to the Probate Court for the county of Dukes County.   The appellee, who is a brother of Benjamin Chester Chase, filed an appearance against the allowance of the alleged will and seasonably moved for the framing of four issues to be tried by a jury. From the allowance of these issues the petitioner appealed. The petitioner waives his appeal so far as it relates to the third and fourth issues.   The case is before this court upon a report by the judge of probate.   The sole question for our determination is whether the judge erred in allowing the first and second issues, which are as follows: (1) "Was the instrument propounded for probate as the last will of Benjamin C. Chase executed according to law?" and (2) "Did the said Benjamin C. Chase execute said instrument with the understanding and purpose that it should be his last will and testament?"

At the hearing in the Probate Court upon the motion for the allowance of issues, the respondent Chase filed a paper entitled "Outline of Evidence of Respondent in Support of Motion to Frame Issues for Jury," and offered evidence to prove certain facts which are set forth in the paper so filed. There is nothing in the statement of facts above referred to which relates to or raises any question respecting the execution of the alleged will, nor was any other evidence submitted to the court.   As there was no offer of proof tending to show that the alleged will was not executed by the decedent, there was no valid reason for the submission of the first and second issues to a jury.   It was said in *Fuller* v. *Sylvia*, 240 Mass. 49, at page 54, "As matter of experience it has been found that cases are comparatively rare where there is an actual controversy of fact as to the execution of the instrument according to the forms of law, and this issue has not frequently been framed."

No issue should be framed for a jury in a case involving the validity of a will unless there is a real dispute respecting a material fact.   As the offer of proof before the judge did not include an offer to prove that the instrument was not

duly executed, the first and second issues should not have been framed. It follows that the decree, so far as it allowed these issues, is reversed.

*Ordered accordingly.*