JOHN T. SWIFT *vs*. ALICE CHAREST.

Bristol.    May 31, 1929. — June 25, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Jury issues.    *Unsound Mind.    Undue Influence.*

At the hearing of a motion that issues for trial by jury be framed upon a petition for proof of the will of a woman, as to whether the testatrix was of sound mind at the time of its execution and whether it was procured by the undue influence of one of her nephews, the judge heard statements of counsel as to proposed evidence to show that the will was made by the testatrix when she was seventy years old and about four years before she died; that the attending physician was of opinion that she was of unsound mind at the time of making the will; that the testatrix had made declarations substantially to the effect that the said nephew had been guilty of rough and overbearing conduct toward her; and that the nephew was regarded by the testatrix as a son. It did not appear when the attending physician saw the testatrix, nor in what circumstances her alleged declarations were made. An attorney, whose good faith was not questioned, stated without contradiction that he drew the will in accordance with instructions given him by the testatrix at a conference at which they were alone; that she then appeared to be in good spirits and mental condition; and that then and subsequently she appeared to be satisfied with the will as drawn. It was undisputed that, during the four years between the time of the execution of the will and the death of the testatrix, she built a house, attended to the financial arrangements therefor herself and was competent to transact business. The motion was denied. *Held,* that no error was shown.

PETITION, filed in the Probate Court for the county of Bristol on November 27, 1925, for proof of the will of Ann McCullough, late of Fall River.

The respondent, a niece of the deceased, appeared to contest the proof of the will and moved that the issues described in the opinion be framed for trial by jury. The motion was heard by *Hitch*, J., and was denied. The respondent appealed. Material facts found by the judge and reported by him under G. L. c. 215, § 11, are stated in the opinion. The alleged declarations by the testatrix

mentioned therein related to the rough and overbearing conduct toward her of Cornelius J. McCullough.

The case was submitted on briefs.

*D. R. Radovsky, H. W. Radovsky, & I. H. Simon,* for the respondent.

No argument nor brief for the petitioner.

RUGG, C.J. This is an appeal from an order denying a motion to frame issues for a jury presented in behalf of one niece, who contests a petition for the allowance of an instrument offered for probate as the last will of Ann McCullough, deceased. The motion requested the framing of an issue touching the due execution of the instrument as a will. There is nothing whatever in the record to indicate that there was not compliance with every legal requirement as to the execution of the instrument. That issue may be laid out of the case. There were requests also for issues touching the soundness of mind of the decedent and her freedom from the undue influence of a nephew named Cornelius J. McCullough at the time of the execution of the instrument. It appears from the petition that the decedent left ten heirs at law and next of kin, the nearest of whom was a brother, and the others nephews and nieces. The instrument offered for probate as the last will was dated in May, 1921, when the decedent was seventy years old, and she died in November, 1925, leaving an estate of about $8,000. By the instrument offered as the will, gifts were made to six relatives and to her pastor, and the residue was given to St. Vincent's Orphans' Home of Fall River.

The hearing was on statements of counsel and a statement, made with the consent of all parties, of John T. Swift, Esq., who drew the will, and with general statements of evidence in behalf of the contestants, including an assertion that the attending physician was of opinion that she was of unsound mind. The statements for the contestant taken at their superficial value might be thought to indicate some mental incapacity on the part of the decedent. On the question of undue influence, it was said that there were declarations of the decedent and evidence of rough and overbearing conduct toward her on the part of the person named as exercising the

undue influence.   After reciting at some length these state-
ments of expected evidence made on behalf of the contestants,
the report of the judge proceeds as follows: "On the other
hand, Mr. Swift, who is a capable and careful lawyer, stated,
without his statement being challenged, that he knew the
testatrix well; that she had often talked with him about mak-
ing a will; that on the day the will was made he went to the
house and saw her alone.   She gave him all the data from
which the will was drawn and discussed it with him.   He
read the will over to her and she said it was satisfactory.   She
suggested the witnesses to the will.   The good faith of Mr.
Swift was conceded.   Mr. Swift also stated that the testatrix
at the time of making the will was in bed but in good spirits
and mental condition.   It appeared without contradiction
that the testatrix lived more than four years after the time
the will was made, and during that period she built a house
and negotiated a mortgage with the savings bank of which
Mr. Swift had become treasurer.   At the time the mortgage
was negotiated she attended to the financial arrangements
herself and was entirely competent to transact business.
She consulted Mr. Swift in regard to the financial arrange-
ments and at that time discussed the will with him alone and
was familiar with its contents and appeared to be satisfied
with it.   She had had ample time and opportunity to change
it if she so desired.   Cornelius, characterized by the peti-
tioner [contestant] as aforesaid, has occupied a responsible
position as janitor in the Fall River High School for the
past seven years and was such when the will was made, and
counsel for the will stated that there was evidence that she
regarded him in the light of a son.   The proponents of the
will did not know of such an attending physician as was
referred to by the petitioner [contestant].   In the main the
allegations of the petitioner [contestant] were general.   It
did not appear when the attending physician, referred to
by counsel for the petitioner for jury issues [contestant],
saw the testatrix.   The alleged declarations of the testatrix
on the question of undue influence of Cornelius J. McCul-
lough, relied upon by the petitioner [contestant], would
only be competent as showing the testatrix's state of mind

and not proof of the truth or falsity of the facts stated. They did not relate to a disposition of the property or show an attempt to prejudice any relatives. It did not appear under what circumstances the declarations were made or how substantially they would be supported. I do not find that there are genuine or doubtful questions of fact to be decided supported by evidence of a substantial nature such as would call for a jury trial."

It is plain from these findings that there was no error of law in the denial of the motion. The judge had in mind the governing rule of law. *Fuller* v. *Sylvia*, 240 Mass. 49. The statements of expected evidence put forward in behalf of the contestant were vague. They were deficient in particularity. They may well have been regarded as not affording the proper foundation for the framing of issues for a jury. The cases of *Union Trust Co.* v. *Magenis*, 259 Mass. 409, and *Taylor* v. *Callahan*, 265 Mass. 582, are the extreme limit beyond which the court is not inclined to go in upholding the probate judges in denying jury issues. But the case at bar falls within well established lines of decisions. *Clark* v. *McNeil*, 246 Mass. 250. *Burroughs* v. *White*, 246 Mass. 258. *McCormack* v. *Quilty*, 266 Mass. 402, and cases there collected.

*Order denying motion to frame*
*jury issues affirmed.*