WILLIAM T. SHEPPARD *vs.* LOUIS A. OLNEY.

Middlesex.    May 14, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Probate Court,* Jury issues. *Unsound Mind. Will,* Validity.

At the hearing in a probate court of a motion for the framing of an issue, whether an alleged testatrix was of sound mind. when she executed an instrument purporting to be her last will, the contestant offered to prove by two attending physicians that at the time of the execution of the alleged will the deceased was between eighty-six and eight-seven years of age, was in a debilitated nervous and physical condition, had been confined to her bed by exhaustion and congestion of the lungs, was suffering from a marked degree of arteriosclerosis including a hardening of the arteries of the brain, and had been for several years previous to the making of the alleged will afflicted with a form of senile dementia and increasing mental deterioration; and by other witnesses the foregoing facts as to feebleness and other facts indicating lack of comprehension by the alleged testatrix of her correct relations to living kindred and friends, and perhaps

also of her property. It appeared that she had been under a conservatorship for many years. The motion was denied. The contestant appealed. *Held,* that the facts offered to be proved presented a genuine question of fact supported by evidence of a substantial nature; and that the motion should have been allowed.

The question to be decided by a judge of probate upon such a motion is not whether he thinks that the controversy can be quite as well decided by a judge as by a jury, but whether an honest and genuine and doubtful question of fact is presented. Per RUGG, C.J.

PETITION, filed in the Probate Court for the county of Middlesex, on October 18, 1929, for proof of an alleged will of Ellen M. Holden, dated June 1, 1928.

Louis A. Olney, named as executor of an alleged will of the same testatrix dated May 2, 1923, with codicils dated May 20, 1927, and May 16, 1928, appeared to oppose the petition and moved for the framing of the following issues to be tried by a jury:

"1. Was the instrument purporting to be the last will of said Ellen M. Holden dated June 1, 1928, executed according to law?

"2. Was the said Ellen M. Holden at the time of the execution of the said alleged will of sound mind?

"3. Was the execution of said alleged will of said Ellen M. Holden procured by the fraud or undue influence of William T. Sheppard exercised upon the said Ellen M. Holden?"

The motion was heard by *Leggat,* J. Material facts offered to be proved are stated in the opinion. The judge denied the motion. The respondent appealed.

*F. M. Qua,* for the respondent.

*G. N. Moushegian,* (*W. T. Sheppard* with him,) for the petitioner.

RUGG, C.J. This is an appeal from an order denying a motion to frame issues for trial by jury touching the execution of a will. The motion was heard upon oral statements of expected evidence presented by the proponent and the contestant, and no witnesses testified. Thus it appeared that two attending physicians would testify that at the time of the execution of the alleged will the deceased was a woman between eighty-six and eighty-seven years of

age, in a debilitated nervous and physical condition, and had been confined to her bed by exhaustion and congestion of the lungs; that she was suffering from a marked degree of arteriosclerosis including a hardening of the arteries of the brain, and had been for several years previous to the making of the alleged will afflicted with a form of senile dementia and increasing mental deterioration. Their testimony save as to matters of opinion would be supported by that of a nurse and others. Numerous definite facts were specified, the natural effect of which, if believed, would indicate want of testamentary capacity. It is not necessary to narrate these in detail. They tend to show lack of comprehension of her correct relations to living kindred and friends and perhaps also of her property. The deceased had also been for many years under conservatorship. There is nothing in the record indicating that the proponent contended that the attending physicians and others would not testify in substantial accordance with the statements made of expected proof.

It is manifest in view of these statements and especially of the anticipated testimony of the attending physicians of the deceased as to observed facts and opinions that a real question proper for judicial inquiry was presented, and that the contest was not unfounded and did not rest on the disappointment or anger of a dissatisfied party in interest. A genuine question of fact supported by evidence of a substantial nature is shown on this record. In such instances an issue ought to be framed for trial by jury. The question to be decided by the probate judge is not whether he thinks that the controversy can be quite as well decided by a judge as by a jury but whether an honest and genuine and doubtful question of fact is presented. The rule stated in *Fuller* v. *Sylvia,* 240 Mass. 49, has never been modified or impaired and is the guide in deciding questions of this nature. *Clark* v. *McNeil,* 246 Mass. 250, 254–256. *Smith* v. *Brewster,* 247 Mass. 395. *Gifford* v. *Patten,* 265 Mass. 362. *Swift* v. *Charest,* 268 Mass. 47. *New England Trust Co.* v. *Folsom,* 268 Mass. 342.

There is nothing in the record indicating a doubtful ques-

tion of fact whether the will was executed according to law or whether it was procured through the fraud or undue influence of any person. The first and third issues set forth in the motion were properly denied, but the order denying the second issue as to the soundness of mind of the deceased was erroneous. As to that issue the order is reversed.

*Ordered accordingly.*