EDWARD W. BERRY vs. STEPHEN C. LEONARD & others.

Middlesex.   November 12, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, CROSBY, WAIT, & FIELD, JJ.

*Probate Court,* Jury issues.

Application of the principles of law governing the disposition of a motion in a probate court, by the next of kin of a deceased person opposing the proof of his will, for the framing of issues for trial by jury respecting the soundness of mind of the deceased and undue influence alleged to have been practised upon him.

This court, being of opinion that a statement of expected evidence by the respondent at the hearing of such a motion plainly brought the case within the authority of sundry previous decisions, affirmed, without narration of the expected evidence, an order by the judge of probate denying the motion.

PETITION, filed in the Probate Court for the county of Middlesex on March 20, 1930, for proof of the will of Mary E. Berry, late of Somerville.

Next of kin opposing the petition filed the motion for jury issues described in the opinion. The motion was heard by *Beane,* J., and was denied. The respondents appealed.

*A. G. Sleeper,* for the respondents.

*W. L. Parsons,* for the plaintiff.

RUGG, C.J. This is an appeal from an order denying a motion to frame issues to be tried by a jury respecting the execution of an instrument offered for probate as the last will and testament of a deceased resident of Somerville. The first issue as to the due execution of the instrument has been waived. The motion was heard upon statements by respective counsel as to the nature and substance of evidence expected to be proffered. Two

issues are now pressed, one as to the soundness of mind of the alleged testatrix, and the other as to the procurement of the execution of the alleged will through the fraud or undue influence of a named individual. It would serve no useful purpose to narrate at length or to summarize the statements of expected evidence. The principles of law governing the disposition of such motions have been expounded at length in numerous recent decisions. *Fuller* v. *Sylvia,* 240 Mass. 49. *Cook* v. *Mosher,* 243 Mass. 149. *Clark* v. *McNeil,* 246 Mass. 250. *Burroughs* v. *White,* 246 Mass. 258.

The denial of the issue as to unsoundness of mind was quite warranted. There was no medical evidence stated to support that contention, and the specific acts set forth are not persuasive. The case falls within numerous adjudications. *Johnson* v. *Talbot,* 255 Mass. 155. *Taylor* v. *Creeley,* 257 Mass. 21. *Wilbar* v. *Diamond,* 249 Mass. 568, 573. *Gifford* v. *Patten,* 265 Mass. 362. It is easily distinguishable from cases like *Smith* v. *Brewster,* 247 Mass. 395; *Sheppard* v. *Olney,* 271 Mass. 424, and *New England Trust Co.* v. *Folsom,* 268 Mass. 342. The denial of the issue as to undue influence stands upon the same footing. The principles as to what constitutes undue influence are established. *Neill* v. *Brackett,* 234 Mass. 367. The case at bar on this point falls within the authority of cases like *Cummins* v. *McCawley,* 241 Mass. 427; *McCormack* v. *Quilty,* 266 Mass. 402; *Swift* v. *Charest,* 268 Mass. 47; *Harvey* v. *Knapp,* 270 Mass. 354.

*Order denying issues affirmed.*