CORNELIUS J. MAHONEY, executor, *vs.* RUFUS STEVENS BAILEY & another.

Essex. December 1, 1931. — December 28, 1931.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Probate Court,* Jury issues. *Will,* Validity. *Unsound Mind.*

At the hearing of a motion, by next of kin opposing a petition in a probate court for proof of a will, for the framing of a jury issue as to the soundness of mind of the testator, a statement by counsel of expected evidence was to the effect that the deceased committed suicide at the age of thirty-five years, less than five months after the execution of the will; that for about eighteen years before his death he was addicted increasingly to an excessive use of alcoholic liquors; that for several years before his death he exhibited marked eccentricities and peculiarities, talked in a childish, disconnected, incoherent and random way, and suffered somewhat from apparent lapses of memory, delusions respecting his health and personal safety, and fainting spells; and that an attending family physician was of the opinion that, at the time of the execution of the will, and for a long period before that time, the decedent was not of sound mind "and did not possess the ability to grasp or understand a proposition such as the disposal of his property by will would entail." The motion was denied. *Held,* that the denial of the motion was erroneous.

PETITION, filed in the Probate Court for the county of Essex on January 28, 1931, for proof of the will of George E. Bailey, late of Andover.

The will was executed June 6, 1930. Certain next of kin of the deceased filed a motion for jury issues. The motion was heard by *Dow, J.,* upon statements by counsel of expected evidence, a stenographer having been appointed under G. L. c. 215, § 18, as amended. Material portions of

such statements appear in the opinion. The motion was denied. The respondents appealed.

The case was submitted on briefs.

*M. A. Flanagan & J. J. Fox, Jr.*, for the respondents.

*J. P. Kane & W. J. Delaney*, for the petitioner.

CROSBY, J. This is an appeal from an order denying a motion to frame a jury issue respecting the testamentary capacity of George E. Bailey. All other issues presented in the motion were waived by the contestants. The motion was heard upon oral statements presented by the contestants and the petitioner respectively as to the nature of the evidence each expected to be able to present. No witnesses testified. The motion was denied and the case is before this court upon the contestants' appeal from the denial of the third issue as to the soundness of mind of the deceased.

The decedent died on October 29, or 30, 1930, when he was about thirty-five years of age and was unmarried. He left surviving him as his heirs at law and next of kin three brothers. It appeared from the contestants' statement of expected proof that from the time the decedent was about seventeen years of age he became addicted increasingly to an excessive use of alcoholic liquors and this habit continued up to the time of his death; that on an average of five or six times a year he approached "the extreme state of intoxication known as delirium tremens," and was frequently treated on account of that condition by the family physician; that several witnesses who were neighbors of the decedent would testify that for five years before his death he always exhibited marked eccentricities and peculiarities; that he talked in a childish, disconnected, incoherent and random way, and was childish to the extent that it was a simple matter to persuade him to do almost anything that one might wish; that preceding the three to five years before his death he suffered somewhat from apparent lapses of memory, being unable to recall matters which had been talked about within a very short time; that he suffered from delusions respecting his health and personal safety; that he laughed and talked to himself; that he had fainting spells; that for a period of two

or three years before his death he imagined that his life was in danger, and for at least a year before his death he carried with him almost all the time a shot gun; that he had suicidal tendencies and talked with a neighbor during the last year or two before his death respecting different ways by which he could end his life; that in October, 1930, less than five months after the alleged will was executed, he shot and killed himself by one of the methods he had frequently referred to.

It appeared further from the contestants' statement of expected proof that an attending family physician would testify that in his opinion the decedent was not of sound mind in June, 1930, and for a long period before that time; that he considered "that he was childish, simple-minded in the extreme, and did not possess the ability to grasp or understand a proposition such as the disposal of his property by will would entail." There was other evidence which need not be referred to which, if believed, would indicate a want of testamentary capacity.

The competency of statement of expected proof of declarations by a deceased physician as to his opinion of the mental condition of the deceased has not been argued. As to this see *Little* v. *Massachusetts Northeastern Street Railway*, 223 Mass. 501; *Tenney* v. *Foss*, 268 Mass. 69. See also *Brady* v. *Doherty*, 253 Mass. 518, 524.

It is manifest that, in view of these statements and especially of the expected testimony of the family physician of the deceased, a real and true question of fact proper for judicial inquiry was presented, and that the opposition to the will was not unfounded in law and did not rest on the disappointment or anger of a dissatisfied heir. *Fuller* v. *Sylvia*, 240 Mass. 49. *Smith* v. *Brewster*, 247 Mass. 395. *New England Trust Co.* v. *Folsom*, 268 Mass. 342. *Sheppard* v. *Olney*, 271 Mass. 424. See *Berry* v. *Leonard*, 273 Mass. 409.

The first, second and fourth issues set forth in the motion were rightly denied. The order denying the third issue respecting the testamentary capacity of the deceased was erroneous. As to that issue the order is reversed, and order is to be entered framing that issue.

*Ordered accordingly.*