JAMES E. BEMIS *vs.* DONALD V. ANDREWS & others.

Middlesex.    May 17, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, FIELD, & DONAHUE, JJ.

*Probate Court*, Jury issues. *Undue Influence. Will*, Validity.

The denial of a motion to frame an issue for a jury as to whether an alleged will was procured to be executed by fraud or undue influence of an uncle of the decedent, eight or nine years his senior, who in the will was named executor and to whom was given the bulk of the estate, $25 only being given to each of two children of the decedent, was affirmed on appeal to this court, it appearing that evidence to be offered by the respondent went no further than to show that it was the intention of the decedent in substance to give his property to the uncle as trustee with wide discretion to distribute it between the children, or perhaps with only a precatory trust for their benefit, such intention not being necessarily inconsistent with a deliberate purpose on the part of the decedent to make the testamentary disposition shown in the instrument offered for probate.

PETITION, filed in the Probate Court for the county of Middlesex on December 11, 1931, for proof of the will of Herbert L. Andrews, late of Holliston.

The son and daughter of the decedent, sole next of kin, moved for jury issues, as stated in the opinion. The motion was heard by *Beane*, J., and was denied. The respondents appealed.

*P. J. Delaney*, (*R. P. Delaney* with him,) for the respondents.

*M. E. Nash*, for the petitioner.

RUGG, C.J.   An instrument purporting to be the last will and testament of Herbert L. Andrews, signed by him in 1922 when he was fifty-one years old, has been offered for probate. In 1920 his wife had obtained from him a decree of divorce

wherein she was given the custody of their two children. When the instrument now offered for probate was signed in 1922 the children were still minors, the son apparently being about twenty and the daughter eighteen years old. The purported will gave legacies of $25 each to the children, nothing to his mother then seventy-three years old, and all the rest and residue of his estate, amounting at the time of his death in 1931 to more than $6,000, to his uncle, James E. Bemis, who was about eight or nine years older than the decedent. The children as contestants filed a motion in the Probate Court for the framing of jury issues as to the execution of the instrument in question, as to the decedent's mental capacity and as to fraud or undue influence on the part of Bemis. The motion was heard in the Probate Court solely on oral statements of expected proof by counsel for Bemis who was named as executor and by counsel for the children. The motion was denied without findings of fact or rulings of law and the case comes before us on a stenographic transcript of the statements of counsel. In this court the contestants waived so much of the motion as presents the issue as to mental capacity.

The signature of the decedent to the instrument is not disputed. The contention of the contestants is that through the fraud or undue influence of Bemis the instrument gives the residue of the estate to Bemis in his own right and not to him as trustee for the children.

The record discloses no statements of expected proof to show error in the denial of the issue as to the formal execution of the will. The only question requiring discussion is whether the denial of the issue as to the procurement of the execution of the instrument by the fraud or undue influence of Bemis ought to be reversed.

The governing principles of law as to the framing of jury issues under the present statutes are settled. They need not be repeated. *Fuller* v. *Sylvia,* 240 Mass. 49, 53. *New England Trust Co.* v. *Folsom,* 268 Mass. 342. *Sheppard* v. *Olney,* 271 Mass. 424, 426.

The statements as to the expected testimony of certain witnesses as made by counsel for the contestants were not

necessarily inconsistent with deliberate purpose on the part of the decedent to make the testamentary disposition shown in the instrument offered for probate. According to such statements it was the intention of the decedent in substance to give his property to Bemis as trustee with wide discretion to distribute it between the children, or perhaps with only a precatory trust for their benefit. It would not be incompatible with this design for the decedent to make an absolute gift to his kinsman Bemis with a moral obligation only to distribute to the children. The fair inference is that in any event Bemis was to determine the time and circumstances under which the children were to enjoy it. It is to be observed that the instrument was drafted by a man of character and standing in the community. It is significant that the decedent was in a hospital for treatment when he signed and executed the instrument, and that he recovered and lived in health about nine years thereafter. If it had not expressed his intentions, there was ample opportunity for him to change it to conform to his desires. *Swift* v. *Charest,* 268 Mass. 47, 49. *Drohan* v. *Avellar,* 276 Mass. 441, 445. Weight is to be attributed to the decision of the probate judge in these circumstances. *Cook* v. *Mosher,* 243 Mass. 149, 153. *Wilbar* v. *Diamond,* 249 Mass. 568, 573. *Crockett* v. *Snow,* 258 Mass. 133, 136. *Daly* v. *Hussey,* 275 Mass. 28, 30. *Burroughs* v. *White,* 246 Mass. 258. *Clark* v. *McNeil,* 246 Mass. 250, 255, 256. In the opinion of a majority of the court there was no error of law in the denial of this issue.

It is not necessary to narrate the statements of expected evidence in further detail. The case falls within the class illustrated by numerous decisions. *Boston Safe Deposit & Trust Co.* v. *Kingsbury,* 270 Mass. 243. *Harvey* v. *Knapp,* 270 Mass. 354. *Berry* v. *Leonard,* 273 Mass. 409.

*Order denying motion affirmed.*