ROZY ZABAWA *vs.* IGNATZ OTOCKI.

Bristol.    October 28, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Probate Court*, Jury issues.

This court, upon examining a report of material facts made by a judge of probate who heard a motion for jury issues in a contested will case, there being no report of the statements of counsel upon which the motion was heard, found no error in the denial thereof.

PETITION, filed in the Probate Court for the county of Bristol on June 1, 1933, for proof of the will of Stanislaw Otocki, late of Fall River.

A motion by the respondent for jury issues was heard and denied by *Hitch*, J. The respondent appealed.

*M. Entin*, for the respondent.

*N. J. Sokoletsky, F. M. Silvia & R. Cuttle*, for the petitioner, submitted a brief.

BY THE COURT. This is an appeal from an order denying a motion to frame issues for trial by jury as to the execution of an instrument purporting to be the last will of Stanislaw Otocki. The instrument was dated March 13,

1933, and was executed in a hospital. He died on April 29, 1933, at the age of about sixty-four. The cause of his death was arteriosclerosis and anemia. The hearing on the motion was on statements of counsel. No stenographer was appointed and these statements are not reported. The trial judge made a report of material facts. He found that nothing was shown on which to found a reasonable hope for a result favorable to the party requesting the framing of issues. It would serve no useful purpose to narrate or summarize the material facts reported. The record is barren of any suggestion of evidence to warrant the framing of issues under settled practice. The governing principles are clear and need not be restated. *Fuller* v. *Sylvia*, 240 Mass. 49, 53. *Cook* v. *Mosher*, 243 Mass. 149. *Clark* v. *McNeil*, 246 Mass. 250. *Smith* v. *Patterson*, 286 Mass. 356. The case at bar is entirely distinguishable from *Sheppard* v. *Olney*, 271 Mass. 424, and *Raposa* v. *Oliveira*, 247 Mass. 188, upon which the contestant relies.

*Order denying issues affirmed.*