JAMES J. HANNON & another *vs.* RALPH W. GORMAN & others.

Middlesex.   December 9, 1936. — January 25, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Probate Court*, Jury issues.

Application of the established rules of law respecting jury issues in contested will cases resulted in the affirmation of the denial of a motion therefor.

PETITION, filed in the Probate Court for the county of Middlesex on September 6, 1935, for proof of the will of Mary E. Gorman, late of Framingham.

A motion by the respondents for jury issues was heard and denied by *Beane*, J.   The respondents appealed.

R. B. Owen, (S. S. Ganz with him,) for the respondents.

J. E. Luby, (C. R. Halloran with him,) for the petitioners.

RUGG, C.J.   This is an appeal from an order denying a motion to frame issues for trial by jury concerning an instrument offered for probate as the last will of Mary E. Gorman, deceased, late of Framingham.   The issues set forth in the motion were (1) whether the instrument was

executed according to law, (2) whether the decedent was of sound mind at the time of the execution of the alleged will, and (3) whether the execution of the alleged will was procured by the fraud or undue influence of James J. Hannon. The motion was heard upon oral statements by counsel for the respective parties as to the evidence expected to be produced at the trial.

The principles of law governing the framing of issues in a case like the present have been frequently stated, are thoroughly established, and need not be repeated at length. *Fuller* v. *Sylvia*, 240 Mass. 49. *Cook* v. *Mosher*, 243 Mass. 149. *Clark* v. *McNeil*, 246 Mass. 250. Briefly stated, the question is whether there appears to be a genuine question of fact supported by evidence of such substantial nature as to afford ground for reasonable expectation of a result favorable to the party requesting the framing of issues. *Smith* v. *Patterson*, 286 Mass. 356, 358. *Terry* v. *King*, 286 Mass. 598. *Briggs* v. *Weston*, 294 Mass. 452. *Baker* v. *Owens*, 293 Mass. 318. The decision of the probate judge adverse to the motion is entitled to weight even though the record discloses everything which was before him. An element of discretion is vested in him which will be given weight on appeal. *Bemis* v. *Andrews*, 280 Mass. 409, 411. *Cranston* v. *Hallock*, 281 Mass. 182.

A recital of expected testimony as made on the one side and on the other would add nothing to the jurisprudence of the Commonwealth. *Ecklund* v. *Ecklund*, 288 Mass. 517. A careful reading of the record shows that the denial of the motion was right. The case falls within the class illustrated by *Swift* v. *Charest*, 268 Mass. 47; *Johnson* v. *Talbot*, 255 Mass. 155; *Taylor* v. *Callahan*, 265 Mass. 582; *Berry* v. *Leonard*, 273 Mass. 409, and *Logan* v. *Driscoll*, 278 Mass. 450, and is distinguishable from cases like *Tarr* v. *Vivian*, 272 Mass. 150; *Sheppard* v. *Olney*, 271 Mass. 424; *Bessom* v. *Bayrd*, 282 Mass. 58; *New England Trust Co.* v. *Folsom*, 268 Mass. 342; *Crosby* v. *Tracy*, 290 Mass. 46, and *Mahoney* v. *Bailey*, 278 Mass. 12. The case at bar is similar to *Gallagher* v. *Cullinan*, 292 Mass. 266, and requires a like decision.

*Order denying issues affirmed.*