BROOKLINE TRUST COMPANY *vs.* PAUL N. YOUNG & another.

Norfolk.   May 2, 1939. — May 24, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Probate Court*, Jury issues.

No error appeared in the denial of jury issues as to the soundness of mind of an elderly testatrix, still engaged in teaching in a high school when she executed her will and a codicil, and as to undue influence alleged to have been exerted upon her by two friends who were legatees in small amounts, the bulk of the estate being given in trust for scholarships in the high school and nothing being given to two nephews who were her next of kin.

PETITION, filed in the Probate Court for the county of Norfolk on November 16, 1938, for proof of the will of Maud Young, late of Brookline.

The respondents, nephews and next of kin of the decedent, moved for the framing of jury issues as to her soundness of mind when the will and codicil were executed and

as to whether they were procured to be executed by undue influence of Della Scott or Florence G. Nasmyth or either of them. They were the friends stated in the opinion to be legatees under the codicil.

The motion was denied by *McCoole,* J.

*W. J. Barry,* for the respondents.

*T. H. Russell,* for the petitioner.

DOLAN, J. This case comes before us upon the respondents' appeals from a decree, entered in the Probate Court, denying their motion that issues be framed for jury trial in the matter of the petition for probate of two instruments purporting to be the last will and codicil of Maud Young, late of Brookline, deceased. The motion was heard upon statements of expected proof made by opposing counsel. After providing in the will for a legacy of $5,000 to a grand-niece, described as residing in Brookline, in this Commonwealth, the deceased left the residue of her estate, amounting to about $23,000, in trust to pay the net income to the committee on scholarships of the Brookline High School and their successors, to be paid by the committee "in such manner and in such amounts as it may deem advisable for the benefit and assistance of deserving girls in the stenography course at the Brookline High School, to be known as the Maud Young Scholarship Fund." The will was executed on October 26, 1933.

The codicil was executed on March 7, 1934, and under its terms the legacy given by the will to the grandniece of the deceased was reduced to $3,000 and legacies of $1,000 each were given to two friends of the deceased. In all other respects the provisions of the will were ratified and confirmed. The deceased died on November 10, 1938.

The statements of expected proof would warrant the judge in finding that the following facts are not disputed by the parties: Both of the instruments presented for probate were prepared by the same attorney at law at the direction of the deceased. He supervised their execution and was an attesting witness to each of them. The deceased had never married and for many years had been a teacher of stenography and typewriting in the Brookline

High School. At the time of the execution of the instruments she was about seventy years of age and was pursuing her duties in that school, teaching five classes on each of the school days. The contestants are two nephews of the deceased, now in their "fifties." They left the Commonwealth in their "teens" and have since resided outside of its borders, returning now and then on their vacations. They saw the deceased but occasionally. She entertained some resentment toward their father, upon whom she blamed financial reverses suffered by her many years before her death.

We discover nothing in the record to support a conclusion that the judge erred in denying the respondents' motion for the framing of jury issues. See *Fuller* v. *Sylvia*, 240 Mass. 49; *Hannon* v. *Gorman*, 296 Mass. 437, 438.

*Decree denying jury issues affirmed.*