ALBERT A. GRIFFIN *vs.* GEORGE F. DRISCOLL, administrator. February 29, 1956. Exceptions overruled. The defendant excepted to the denial of his motion for a directed verdict predicated solely on the contention that the plaintiff was contributorily negligent as matter of law. There was no error. The facts, taking the evidence as favorably for the plaintiff as reasonably may be, are as follows: The plaintiff, operating an automobile on the Fall River-Providence highway on February 10, 1950, at about 5:30 P.M. was proceeding in the direction of Providence in the right hand lane (lane 1) at a speed of thirty to thirty-five miles per hour following traffic ahead of him the nearest automobile of which was some fifty feet in front of him. The plaintiff's lights were lighted and were on low beam "because there was a stream of traffic both ways." The defendant's intestate proceeding in the opposite direction in an unlighted automobile turned across the highway in the path of the plaintiff's automobile in order to enter a driveway. The plaintiff did not see the automobile of the defendant's intestate until he was eight to ten feet away from it; it was very slightly, not entirely, in the lane in which the plaintiff was operating. The plaintiff was familiar with this highway; the weather was clear, the road dry, and in the direction in which he was proceeding the highway was straight and level for approximately one thousand feet up to the scene of the accident and for seventy-five feet beyond. "[T]here was nothing on that highway that night to interfere with his view of any objects in front of him." Failure to see the unlighted automobile of the defendant's intestate before the plaintiff did in fact see it does not establish negligence as matter of law. The plaintiff was entitled to rely to some extent on the assumption that automobiles would not turn from the other side of the highway into the path of approaching vehicles. The question of the plaintiff's negligence was for the jury.

The case was submitted on briefs.

*Francis D. Mone*, for the defendant.

*William A. Torphy*, for the plaintiff.

MAURICE J. LEVY *vs.* MARTHA ECK. March 1, 1956. Order denying jury issues affirmed. This is an appeal from an order of the Probate Court denying a motion for jury issues in the matter of the alleged will of Anna C. Vinal, late of Montague, deceased. The issues now pressed are the second and third which read: "2. Did the said Anna C. Vinal execute said instrument with the understanding and purpose that it should be her last will and testament? 3. Was the said Anna C. Vinal of sound and disposing mind and memory at the time of the execution of the said instrument?" Upon consideration of the statements of expected evidence in the light of established principles of law governing the framing of jury issues (including recognition of the element of discretion vested in the probate judge) we conclude that there was no error in the denial of this motion. *Fuller* v. *Sylvia*, 240 Mass. 49. *Hannon* v. *Gorman*, 296 Mass. 437. The judge did not err in denying the contestant's request for amplification of his report of material facts under G. L. (Ter. Ed.) c. 215, § 11. Inasmuch as the case was heard solely on statements of expected evidence his report was sufficiently adequate.

*Nathan Fink & Charles J. Miller*, for the contestant, submitted a brief.

*Joseph T. Bartlett, (Burton Winer* with him,) for the proponent.