Rescript Opinions.

BENJAMIN ARAC *vs.* BLANCHE GROBMAN & another. March 1, 1971. The contestants appeal from an order of the Probate Court denying a motion to frame jury issues. The issues set forth in the motion were (1) whether the will was executed according to law, (2) whether the decedent was of sound and disposing mind, and (3) whether the execution of the will was procured by fraud or undue influence. The law governing the framing of jury issues in will contests has been enunciated with frequency and needs no repetition in this case. Moreover, "A recital of expected testimony as made on the one side and on the other would add nothing to the jurisprudence of the Commonwealth." *Hannon* v. *Gorman,* 296 Mass. 437, 438. A review of the entire record leads us to conclude that there was no error in the denial of the motion.

*Order denying issues affirmed.*

*Kennard I. Mandell (Norman Ostroff* with him) for the contestants.
*Sidney Berkman (Jeffrey M. Smith* with him) for the proponent.

JOHN J. CURRAN, executor, *vs.* WILLIAM H. SULLIVAN & others. March 1, 1971. The executor of the will of Alice V. Sullivan brought this petition for instructions with respect to the second clause of the will. This clause reads: "To William H. Sullivan . . . grandson of my late husband, Daniel E. Sullivan, my sixty-two (62) shares of stock of B. F. Goodrich Company." Clauses 3 to 8 contained pecuniary legacies to certain persons. In clause 9 the testatrix gave the residue of her estate to her two sisters, Mary Rawlins and Ellen Sheehan. The will was executed on August 20, 1962. At that time and at the date of her death on October 5, 1966, the testatrix was the owner of 126 shares of the common stock of B. F. Goodrich Company. One certificate, dated October 1, 1929, represented twenty-one shares. A second, dated January 18, 1951, represented forty-two shares. A third, dated January 5, 1955, represented sixty-three shares. The second and third certificates were issued as the result of stock splits. The judge entered a decree instructing the executor to distribute sixty-two shares to William H. Sullivan. From this decree Sullivan appealed. There was no error. Because the testatrix bequeathed to him "*my* sixty-two (62) shares of stock of B. F. Goodrich Company" (emphasis supplied), Sullivan contends she must have intended to give him all of the Goodrich stock owned by her. That she did not designate the exact number of shares owned by her was due, it is argued, to confusion resulting from the fact that she received certificates of the stock in different amounts on three occasions. But such a conclusion cannot be reached without resort to conjecture. Where, as here, there is no report of material facts and no report of the evidence, the only question open on such a record is whether the decree could have been entered on the pleadings. We are of opinion that it could have been.

*Decree affirmed.*

*Thomas F. Garrity,* for William H. Sullivan, submitted a brief.
*Dennis M. Cronin* for Mary Rawlins & another.