FRANK BACIGALUPO *vs.* GIOVANNI CUNEO & others.

Suffolk.    December 2, 1931. — December 3, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Probate Court*, Jury issues.    *Will*, Validity.    *Undue Influence.    Unsound Mind.*

There was no error in the denial of a motion, by next of kin, brothers and one sister of an alleged testator, opposing a petition in a probate court for proof of the will, for jury issues as to the legal execution of the will, the testator's soundness of mind and undue influence, where it appeared that, although the testator could sign his name, the will was signed with his mark because of his physical condition, and otherwise properly was executed; that the terms of the will were natural in the circumstances; that the attorney who drafted the will, when requested to do so by a daughter of a sister who was the sole beneficiary thereof, read the will to the testator and carefully ascertained from him that it complied with his wishes; and that, although the will was executed just before the testator's death during a period of a few days when he was seriously ill in a hospital and frequently irrational, he was rational and not subject to hallucinations for a considerable time before and after its execution.

PETITION, filed in the Probate Court for the county of Suffolk on January 23, 1931, for proof of the will of Giuseppe Cuneo, late of Boston.

Certain next of kin filed a motion for issues for trial by

jury as to the legal execution of the will, as to the sound-
ness of mind· of the testator and as to whether the will
was executed as a result of undue influence exercised upon
him.   The motion was heard in the Probate Court by *Dolan,*
J., upon statements by counsel and certain evidence, a ste-
nographer having been appointed under G. L. c. 215, § 18,
as amended.   The motion was denied.   The respondents
appealed.

. The case was submitted on briefs.

*S. L. Bailen & A. B. Fopiano,* for the respondents.

*D. W. Casey,* for the petitioner.

RUGG, C.J.   This is an appeal from an order denying a
motion to frame issues to be tried by a jury upon a petition
for the probate of an instrument purporting to be the last
will of a resident of Boston and signed by his mark.   From
the statements made at the hearing it appeared that the
decedent, a native of Italy, was unmarried and had resided
·in this country about twenty-five years, and could speak
English, although rather poorly, and write his name in
English; that his next of kin were a sister residing in Boston
with whom he had been friendly and intimate, a brother,
formerly associated with him in business, for the last ten
years or more a resident of California, with whom the dece-
dent was not on good terms, and a brother and sister residing
in Italy, the latter being in such condition that a guardian
*ad litem* was appointed for her, and with these two the de-
cedent had not had contacts for a considerable time;   that
.the decedent did not live with any of his relatives but lived
alone;   that by the instrument offered for probate as the last
will all the property of the decedent was given to his sister
resident in Boston, her son was appointed as executor, and
it is stated· that all his other relatives have been intention-
ally omitted;   that the decedent had been a heavy drinker
and on account of some excesses and exposure was found
seriously ill with pneumonia and was sent to a hospital on
January 13, 1931, and died there three days later;   that dur-
ing a considerable portion of this period he was irrational.
The will was drafted and caused to be typewritten by an
attorney at the request of a daughter of the sister of the

decedent, and was taken to the hospital ready for execution. The foregoing facts appear to be substantially undisputed.

The attorney who drafted the will made a statement before the probate judge to the effect that, although requested to draft the will by a niece of the decedent, he went to the hospital, engaged the decedent in conversation separate and apart from all other persons, ascertained from him that he desired to make a will and was told by him his testamentary wishes and found that they had been correctly reported to him, and thereupon read the will to him, also translating it to him in his native tongue, was assured by the decedent that it expressed his testamentary desires, and caused it to be executed as required by law; that he had on one previous occasion acted as attorney for the decedent; and that it was signed by his mark because the decedent found difficulty in moving sufficiently to write his name. The nurse who had the care of the decedent at the hospital testified that she, together with the relatives of the decedent, was sent out of the sick room when the will was under discussion, but that the decedent was at the time and for a considerable time both before and after the execution of the will entirely rational and not subject to hallucinations so far as she could observe from his conversation. The attorney also stated that the doctor in attendance upon the decedent at the hospital had said to him that the decedent had delirious spells but was rational when he was not in a period of delirium and that he had rational intervals.

Upon the foregoing facts it is plain that no error was committed in denying the issues for a jury. *Fuller* v. *Sylvia*, 240 Mass. 49. There is nothing to indicate that the will was not executed according to law. So far as concerned the mental capacity of the decedent to make a will there was no error in denying the issue. The case is governed on this point by *Swift* v. *Charest*, 268 Mass. 47, and *Harvey* v. *Knapp*, 270 Mass. 354, 358, and cases cited. The denial of the issue touching exertion of improper influence causing the decedent to execute the instrument offered for probate as a will cannot rightly be reversed. *Neill* v. *Brackett*, 234 Mass. 367. *Cummins* v. *McCawley*, 241 Mass. 427. The instrument offered

as a will itself is one natural for a man to make in the circumstances disclosed. There is nothing in *Whitney* v. *Twombly*, 136 Mass. 145, or *Raposa* v. *Oliveira*, 247 Mass. 188, inconsistent with this conclusion.

*Order denying issues affirmed.*