C. MARC JOHNSON *vs.* ISAAC M. LORING & others.

Essex.   May 13, 1929. — May 29, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Probate Court,* Jury issues.   *Undue Influence.*

At the hearing of a motion that an issue be framed for trial by jury, as to whether the will of a woman was procured to be executed by the fraud or undue influence of a man and his wife who received substantial legacies and the residue under the will, it appeared that such legatees were not related to the testatrix, but lived near a hospital in which she died and paid her much attention; that, after the will had been made, the testatrix said to her brother, one of the contestants, " . . . I have done wrong and I am sorry.  I have been misled"; that her brother called on her on one occasion and found the man there and said "when my sister gets better . . . I am going to take her home," whereupon the man "turned his back" on the brother "and said nothing."  The motion was allowed.  *Held,* that allowance of the motion was error.

Mere opportunity in a certain person to exercise undue influence upon one, the proof of whose will is opposed on the ground that it was procured to be made through fraud or undue influence exercised by such person, is not sufficient to require the granting of a motion that such an issue be framed for trial by jury.

PETITION, filed in the Probate Court for the county of Essex on November 20, 1928, for proof of the will of Mary L. Loring, late of Haverhill.

Certain of the next of kin of the testatrix filed a motion that the issue, among others, whether the will was procured to be made through the fraud or undue influence of C. Marc Johnson and Marion A. Johnson, or either of them, be framed for trial by jury.  The motion was heard by

*White*, J., a stenographer having been appointed under G. L. c. 215, § 18. It appeared that the Johnsons were not related to the testatrix, but lived close to the hospital in which she died, and paid much attention to her. Other material facts are stated in the opinion. The motion was allowed as to such issue. The petitioner and Marion A. Johnson appealed. The judge made a report of the facts under G. L. c. 215, § 11.

*H. C. Thompson*, (*G. Karelitz* with him,) for the petitioner.

*R. E. Burke & E. E. Crawshaw*, for the respondents other than Marion A. Johnson, submitted a brief.

CARROLL, J. In the Probate Court a motion for a jury issue, whether the will of Mary L. Loring was procured by the fraud or undue influence of C. Marc Johnson and Marion A. Johnson or either of them, was allowed.

The judge of probate heard the statements of counsel and also heard certain witnesses. The estate of Miss Loring, according to the statements of counsel, was about $10,000. She gave to her brother $200, to C. Marc Johnson $500, to Marion A. Johnson $1,000, to various friends legacies from $50 to $500; the residue of her estate she gave to Marion A. Johnson. In his report of the material facts the judge of probate states that Isaac Loring, the decedent's brother, testified that she said to him some time after the will in question was executed, "Isaac, I have done wrong and I am sorry. I have been misled"; that counsel for the contestants stated that on one occasion when Isaac called on his sister he found Johnson there; that Isaac said "when my sister gets better or when my sister is able to move, I am going to take her home," and that "Johnson turned his back on him and said nothing." The judge denied the motion, so far as it related to the issue, whether the decedent was "of sound and disposing mind and memory at the time of the execution" of the will.

Issues for a jury are not to be framed unless there appears in the evidence or in the statements of counsel sufficient ground for a reasonable expectation of a result favorable to the party requesting the framing of issues. It must appear that there is a genuine controversy, and some evidence of a

substantial nature to support the contention of the contestants.  *Fuller* v. *Sylvia,* 240 Mass. 49.  *Cummins* v. *McCawley,* 241 Mass. 427.  *Adams* v. *Blair,* 255 Mass. 152. *Johnson* v. *Talbot,* 255 Mass. 155.  We discover nothing in the evidence to warrant the framing of issues.  There is no evidence sufficient to show that either Mr. or Mrs. Johnson procured the will to be executed by fraud or undue influence; mere opportunity to exercise undue influence is not enough. *Cummins* v. *McCawley, supra.*  The fact that Johnson "turned his back . . . and said nothing" when the decedent's brother said he was going to take his sister home when she "is able to move" did not in any way indicate fraud or undue influence on the part of Johnson.  Nor does the statement made by Miss Loring to her brother, in effect that she had "done wrong and . . . [was] sorry . . . [and that she had] been misled," show that she was the victim of fraud or undue influence practised by the Johnsons.  The remark may not have concerned the will, and if it did, it does not appear that either Mr. or Mrs. Johnson misled the decedent.  The order directing the framing of the issue was erroneous.

*Order reversed.*