EDWARD L. LOGAN & others *vs.* CORNELIUS DRISCOLL & others.

Norfolk.   November 10, 12, 1931. — March 15, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Jury issues.

Statements of counsel and evidence before a judge of probate upon a motion by contestants for the framing of issues for trial by jury upon a petition for the allowance of a will of a woman were *held* not to require as a matter of law a finding by the judge that there was a genuine and doubtful issue of fact for a jury as to undue influence, it appearing that the decedent was a masterful person, for a long time engaged in a business in which she took great pride; that the person alleged to have exerted undue influence had been associated

with her in the business and had been trusted and beloved by her; that, while the deceased had been given to the excessive use of intoxicating liquor, at the periods of the execution of the will and of the codicil she was free from its influence; that the business associate had not been present at consultations between the decedent and the attorney by whom the will and a codicil were prepared; and that certain changes made in the codicil in substance merely gave the entire business to the associate instead of to her and a niece who had left the decedent's employ, but left unaffected a large legacy to the niece.

It appearing that the family and attending physicians testified, at the hearing above described, to the strength of mind of the deceased and to the absence of alcoholic influence at the time of execution of the codicil, and that the family physician had ordered that liquor be given to her, the mere facts, offered to be proved by the contestants, that the business associate connived at furnishing liquor to the decedent during the last months of her life, the period when the codicil was executed, and that a medical expert, who never had seen the decedent, basing his opinion on statements in a hypothetical question, testified that the decedent would be likely to be influenced unduly especially by one who furnished liquor, did not require as a matter of law that the motion for the jury issue be granted.

PETITION, filed in the Probate Court for the county of Norfolk on December 2, 1930, for proof of an alleged will, dated April 1, 1930, and a codicil dated October 25, 1930, of Mary A. Dolan, late of Brookline, who died on November 22, 1930.

Two brothers of the decedent moved for the jury issue described in the opinion. The motion was heard by *McCoole*, J., a stenographer having been appointed under G. L. c. 215, § 18, as amended. Material facts presented at the hearing are described in the opinion. The motion was denied. The respondents appealed.

*H. D. McLellan*, (*R. W. Frost* with him,) for the respondents.

*D. J. Lyne*, (*E. L. Logan* & *J. R. Kewer* with him,) for the petitioners.

WAIT, J. Appeals are presented from orders of a probate court denying motions for the framing of issues to a jury. The appellants waive their appeals so far as they relate to the issues of the testamentary capacity of the decedent and of the legal execution of the will and codicil presented for probate. They contend that there was error in deny-

ing a jury trial upon the issue whether the execution of the will and of the codicil were "procured by the fraud or undue influence of Elizabeth Riley or any of them, exercised upon the" decedent.

The matter was heard upon oral statements of counsel for the proponents and contestants; and the testimony of physicians, two summoned at the instance of the probate judge, and a third heard at the request of the contestants. Statements and evidence were taken by stenographers duly appointed for the purpose, and are before us (over one hundred printed pages) upon the report of the judge.

It is unnecessary to discuss the evidence offered in detail. It abundantly appears that the decedent was a masterful person, given to the excessive use of intoxicating liquor, but at the periods of the execution of the will and of the codicil free from its influence. All the physicians testified that she was not one easily to be influenced by others. The statement of testimony expected from the attorney who prepared both will and codicil, not challenged by any offered testimony in conflict to it, showed that both will and codicil were prepared after consultations with him at which Eliza beth Riley was not present and which apparently were free from any influence exerted by her or in her behalf. The will made gifts to all the relations of the decedent, to cer tain charities, to certain employees. It gave to Elizabet Riley $25,000; to Josephine Mahoney $30,000; to a niec Mrs. Donnelly, $1,000, and stated that she had been mac beneficiary in an insurance policy for $40,000. It gave th residue of the estate in equal shares to Elizabeth Riley ar Josephine Mahoney. The decedent had built up and co ducted a large and successful business in which Elizabe Riley, since 1911, had grown up and become a trusted a beloved subordinate, with whom, as failing health kept t decedent from the intimate personal supervision of h business transactions, frequent and often daily consultations were necessary. This business the will gave in equal shares to Elizabeth Riley and Josephine Mahoney, who were jointly to assume and pay its debts. There is nothing in the will to suggest undue influence on the part

of Elizabeth Riley. The will was executed April 1, 1930. On October 25, 1930, a codicil was signed which modified the will by revoking the gift of $1,000 to Mrs. Donnelly, and instead giving her $20,000. It further recited that Josephine Mahoney was no longer in her employ and revoked the gift of one half the business. It gave the entire business to Elizabeth Riley who was to assume and pay its debts. It also authorized her executors to conduct the business for a year from the date of allowance of the will.

Josephine Mahoney had left her aunt's employ in July, 1930. Mrs. Donnelly was a wealthy woman, busy in conducting a flourishing business left by her deceased husband. The judge was right in failing to see in these changes adequate ground for finding a genuine and doubtful issue of fact for a jury as to undue influence. *Cummins* v. *McCawley,* 241 Mass. 427. Josephine Mahoney was left with a legacy of $30,000 and one half of any residue. It was natural to continue the whole business, in which the decedent took great pride, in this trusted woman who understood it. If Elizabeth Riley connived at furnishing liquor to the decedent in the last month of her life, the family physician testified that he ordered liquor to be given her. The judge was not bound to give great weight to the opinion of a medical expert, who had never seen the decedent, that, basing his opinion on the statements of a hypothetical question, the decedent would be likely to be influenced unduly especially by one who furnished liquor. The family and attending doctors testified to her strength of mind and to the absence of alcoholic influence at the time of execution of the codicil.

On careful study of the evidence, some of which, under the doctrine of *Shailer* v. *Bumstead,* 99 Mass. 112, 127, would be incompetent at a jury trial, we are satisfied there was no presentation of facts upon which there could warrantably be based a reasonable hope for a result favorable to the contestants on the issue of undue influence. *Taylor* v. *Callahan,* 265 Mass. 582, 585. The judge has followed the law as declared in *Fuller* v. *Sylvia,* 240 Mass. 49. *Swift* v. *Charest,* 268 Mass. 47. *Berry* v. *Leonard,* 273 Mass. 409.

*Decrees affirmed.*