GEORGE W. ANDERSON *vs.* MAUDE M. JACKSON & others.

Norfolk.     March 6, 7, 1934. — March 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Probate Court*, Jury issues.     *Undue Influence.*

There was nothing in the record which showed error in the denial of a motion, by a respondent contesting a petition in a probate court for proof of a will, for a jury issue as to undue influence which was alleged to have been exercised upon the decedent by the person named as executor and to have resulted in large legacies to an educational institution in which that person was deeply interested.

PETITION, filed in the Probate Court for the county of Norfolk on May 9, 1933, for proof of the will of Henry B. Dillenback, late of Brookline.

Certain respondents filed motions for jury issues, as described in the opinion. The motions were heard by *McCoole*, J., and were denied. Those respondents appealed.

*F. J. Johnson*, for the respondent Maude M. Jackson.

*F. J. Grady* of New Hampshire, for the respondent Frederick W. Reynolds, *W. C. Maguire*, for the respondents Helen Cook and another, & *W. J. Kelly*, for the respondent Grace A. Leighton, submitted a brief.

*F. G. Goodale*, (*A. D. Hill* with him,) for the petitioner.

*H. L. Sampson*, for the Trustees of Dartmouth College.

LUMMUS, J.     The only point argued by the contestants of the will of Henry B. Dillenback, upon their appeals from the denial of their motions for jury issues, is that they are entitled to have an issue framed as to the alleged

undue influence of the executor named in the will, which, they allege, resulted in large legacies to Cushing Academy, in which the executor was deeply interested.

The law governing the framing of issues was stated in the leading case of *Fuller* v. *Sylvia*, 240 Mass. 49, and most recently in *Cranston* v. *Hallock*, 281 Mass. 182, and *McMackin* v. *McMackin*, 283 Mass. 452. It needs no restatement.

The statements of counsel in the present case, upon which the motion was decided, show no substantial evidence of undue influence, or even the possibility of it. When the will was made, the decedent was a childless widower of seventy-one, somewhat lacking in early education, but an experienced and successful man of affairs, who had risen to be sales manager of a large leather corporation at a salary of $25,000 a year and who continued to hold that position for several years afterwards, until shortly before his death. He was interested in education and had accumulated a considerable library. Friendships with graduates of Dartmouth College had given him for many years a great interest in that institution. From an intimate acquaintance for forty years with the executor named in the will, he had become interested in Cushing Academy, and had been made a trustee and a member of its finance committee. He had no near relative except a sister, for whom the will provided, but who did not survive the decedent. The principal beneficiaries of the will are Cushing Academy and Dartmouth College. The legal heirs, who are disinherited, are a multitude of cousins, with whom the decedent had no considerable relations. The contestants offer no evidence of undue influence worth recital.

*Order denying motion for issues affirmed.*