ROBERT A. TERRY & another *vs.* CLARA KING & others.

Bristol.    October 23, 1933. — June 4, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Probate Court,* Jury issues.    *Will,* Validity.    *Unsound Mind.    Undue Influence.*

Upon an appeal from the denial of a motion, by persons contesting a petition in a probate court for proof of a will, to frame issues for trial by jury, where it appears that the motion was heard by the judge of probate on oral statements of expected evidence presented by the attorneys for the proponent and for the contestants and without the testimony of witnesses, the issue is, whether upon the statements there appears to be a real and substantial question of fact; statements in opposition to the motion, as well as those in its support, may be considered; and the decision of the judge of probate is entitled to weight although there is before this court everything on which he based his decision.

At the hearing, upon statements by counsel of expected evidence, of a motion in a probate court for an issue to a jury on the question of the soundness of mind of an alleged testator, the contestants offered to show that when he made the will the decedent was about eighty-seven years of age and never had learned to read or write; that he had two children, with whom he was not on good terms, and five grandchildren; that by the will $1,000 was placed in trust for each child and for each of four only of the grandchildren, legacies of $500 each were given to six other relatives and to a friend and business adviser, who was named trustee, legacies were given to two charities in the Azores and to a church there, and the residue was given to the four grandchildren and a nephew; that under a will made eighteen years earlier the omitted grandchild was given half of the estate; that the decedent was physically and mentally debilitated, did not know the names of his grandchildren, did not recognize a grandson, and worried about some one stealing his furniture; and that there would be expert testimony of his senility.    The proponents offered to show that the decedent had entire grasp of his business affairs so far as was possible to an elderly illiterate man and that for a period of twenty years he had had no intercourse with his children; and offered to produce the family physician who attended him within a few weeks of the date of the will and who would testify that except for a cold his mind and physical being were all right considering his age.    The motion was denied.    *Held,* that no error was shown in the denial of the motion.

Those contesting the proof of the alleged will above described also sought a jury issue on the question, whether the will was procured to be made through undue influence of a half brother of the decedent, of the half

brother's wife, and of the business friend and adviser who was made trustee, and offered to show, besides the facts above described, that each of the three would receive a legacy of $500 under the will if proved; that they were not mentioned in the previous will; that the decedent in the same year the will was made became a boarder in the family of the half brother; and that the will was prepared by an attorney after conferences with the decedent, the half brother, his wife, and the business friend and adviser. The proponent offered to show that the half brother and his wife were not present when the first draft of the will was prepared and that the decedent had definitely in mind what he wanted to do with his property with the possible exception of the charities in the Azores. The motion was denied. *Held*, that the denial disclosed no error.

PETITION, filed in the Probate Court for the county of Bristol on March 22, 1932, for proof of the will of John Enos Souza, late of New Bedford.

Contestants moved for the jury issues described in the opinion. The motion was heard by *Hitch*, J., upon statements, by counsel for the respective parties, of expected evidence, described in the opinion. The motion was denied. The contestants appealed.

The case was submitted on briefs.

*F. A. Doyle & E. Auger*, for the respondents.

*T. F. O'Brien & S. E. Bentley*, for the petitioners.

RUGG, C.J. This is an appeal from an order denying a motion to frame issues for trial by jury concerning the execution of a will. The motion was heard by the probate judge on oral statements of expected evidence presented by the attorneys for the proponents and contestants. No witnesses testified. Statements in opposition to the motion, as well as in its support, may be considered. *Cranston* v. *Hallock*, 281 Mass. 182. The issue is whether upon these statements there was "a real and true question of fact to be tried supported by evidence of a substantial nature." *Fuller* v. *Sylvia*, 240 Mass. 49, 53. The decision of the probate judge that there was no such question is entitled to weight although we have before us everything on which he based his decision. *Bemis* v. *Andrews*, 280 Mass. 409.

The decedent, John Enos Souza, was about eighty-six or eighty-eight years of age when he died on February 2, 1932. He had never learned to read or write. The contestants are

his two children with whom he had not been on good terms since 1912, and his five grandchildren. In 1913 he made a will leaving all his property to two grandchildren. In 1912 or 1913, following the death of his wife and marriage of his children, he moved from his family home and lodged in various places until in 1931 he became a boarder at the house of William H. Souza in New Bedford. The latter is a son of the decedent's father, but about twenty-five years younger than the decedent. Both were born in the Azores Islands. The decedent, through William H. Tripp, a bank employee and friend on whom he depended for business advice, was in 1931 referred to the other proponent, a lawyer, who, after some conferences with the decedent and with Tripp and William H. Souza and the wife of the latter, prepared the will. It was executed in September of that year. By its terms there is left in trust $1,000 for each child and $1,000 for each of four grandchildren. One grandchild is not mentioned. Legacies of $500 each are left to William H. Souza, Mrs. William Souza, two sisters, a nephew, and Tripp, who is named trustee, and a legacy of $400 to a niece. Three charitable institutions in the Azores are beneficiaries, and the residue is left to the four grandchildren and the nephew.

The statement in behalf of the contestants emphasizes the facts that the will makes no provision for the fifth granddaughter, who formerly had been the decedent's favorite and who under the 1913 will was given half his estate; that the decedent was physically and mentally debilitated, did not know the names of his grandchildren, did not recognize a grandson, and worried about some one stealing his furniture; and that there was expert testimony of his senility. The statement in behalf of the proponents was to the effect that the decedent had entire grasp of his business affairs so far as possible to an elderly illiterate man; that for a period of twenty years he had had no intercourse with his children; and offered to produce the family physician who attended him within a few weeks of the date of the will and who would testify that except for a cold his mind and physical being were all right

considering his age. These statements need not be narrated in further detail. They do not indicate such evidence of mental deterioration and lack of comprehension of relations to kindred and property as was presented in *Smith* v. *Brewster*, 247 Mass. 395, *New England Trust Co.* v. *Folsom*, 268 Mass. 342, and *Sheppard* v. *Olney*, 271 Mass. 424. Due regard must be given to the anticipated testimony of the family physician. A majority of the court are of opinion that there was no error in refusing to frame the issue on the soundness of mind of the decedent. The facts bring this case well within the limit established in *Union Trust Co. of Springfield* v. *Magenis*, 259 Mass. 409, and *Taylor* v. *Callahan*, 265 Mass. 582, where the denial of similar motions to frame jury issues on soundness of mind was affirmed.

There was no error in the denial of the issue respecting undue influence on the part of William H. Souza, or his wife, or Tripp. The proponent offered to show that they furnished the decedent with the exact names of the legatees. They benefited by the will but not to any large extent, whereas they had not been mentioned in the 1913 instrument. But the decedent was illiterate and not intimately familiar with his family. There was said to be evidence that William H. Souza and his wife were not present when the first draft of the will was prepared and that the decedent had definitely in mind what he wanted to do with his property with the possible exception of the charities in the Azores. There was no error in denying the motion for a jury issue upon undue influence. *Marshall* v. *Cram*, 269 Mass. 124. *Logan* v. *Driscoll*, 278 Mass. 450. The case at bar is governed largely by *Smith* v. *Patterson*, ante, 356.

*Order denying motion affirmed.*