THE FIRST NATIONAL BANK OF BOSTON & another *vs.*
WILLIAM FRANCIS & another.

Suffolk.   December 11, 12, 1934. — February 27, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Probate Court,* Jury issues.   *Unsound Mind.   Undue Influence.*

Upon all the expected evidence stated by counsel at the hearing of a
motion for the framing of jury issues as to whether an alleged will,
executed by the testator when he was more than eighty years of age,
was procured to be executed by undue influence and as to his sound-
ness of mind, no error was shown by a denial of the motion although
portions of the expected evidence indicated that some of those accused
of exercising undue influence had pandered to his appetites and indi-
cated a declining mentality on his part such as often accompanies
old age.

PETITION, filed in the Probate Court for the county of
Suffolk on April 5, 1934, for proof of the will of George
Francis, late of Boston.

Certain of the next of kin moved for jury issues, as de-
scribed in the opinion.   The motion was heard by *Dolan,*
J., upon statements of expected evidence by counsel, and
was denied.   Such respondents appealed.

*H. F. R. Dolan,* (*F. Balch* with him,) for the respondents.
*J. M. Graham,* (*R. A. MacLellan* with him,) for the peti-
tioners.

RUGG, C.J.   This is an appeal from an order denying a
motion for the framing of issues to be tried to a jury upon
a petition for the allowance of an instrument as the will of
a deceased person.   The proposed issues now argued are
whether the decedent was of sound mind at the time the
proffered instrument was signed and was unduly influenced
by named individuals in executing the instrument.

The controlling principles of law are settled.   They need
not be restated.   *Fuller* v. *Sylvia,* 240 Mass. 49.   *Cook* v.
*Mosher,* 243 Mass. 149.   *Clark* v. *McNeil,* 246 Mass. 250.

*Daly* v. *Hussey,* 275 Mass. 28.    *Cranston* v. *Hallock,* 281 Mass. 182.    *Anderson* v. *Jackson,* 286 Mass. 146.    The decedent was somewhat over eighty years of age at the time the instrument was executed in February, 1932, and was possessed of considerable property wholly accumulated as a result of his industry and business capacity.    He was almost eighty-five years of age at the time of his death. His wife died in 1911 and there were no children.    Three sisters and a brother survived him, to each of whom a substantial legacy was left.    Three of these and a daughter of the fourth were among the seven residuary legatees.    Other legatees were former employees, friends and charities. Between 1921 and 1932 he made four other wills.    In each of those the sisters and brother as well as those alleged to have procured the execution of the last will by undue influence were named as legatees.    Between five and six months after the instrument here in controversy was executed, a conservator was appointed over his property.    The certificate of the physician stated that he was of advanced age but of sufficient mentality to know what he was doing in requesting the appointment of a conservator.    There were statements of facts indicating declining mentality such as often accompanies old age.    There were statements that some of those accused of exerting undue influence pandered to his appetites, but none indicating incidents commonly connected with the unlawful procurement of the execution of a will.    It would serve no useful purpose to narrate further the statements of expected evidence.    There is no error in law in denying the motion for issues.    *Cummins* v. *McCawley,* 241 Mass. 427.    *Old Colony Trust Co.* v. *Whitney,* 269 Mass. 519.    *Harvey* v. *Knapp,* 270 Mass. 354.    *Logan* v. *Driscoll,* 278 Mass. 450.    *Bemis* v. *Andrews,* 280 Mass. 409, 411.    The case at bar is distinguishable from decisions like *Smith* v. *Brewster,* 247 Mass. 395, and *Sheppard* v. *Olney,* 271 Mass. 424.

*Order denying motion for issues affirmed.*