WILLIAM R. BAKER & another *vs.* WILLIAM H. OWENS.

Suffolk. December 4, 1935. — January 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Probate Court,* Jury issues. *Undue Influence.*

Statement by RUGG, C.J., respecting jury issues in contested will cases. With nothing in a contested will case to show that the testatrix, a woman seventy-five years old, was susceptible to undue influence, there was no error in the denial of a jury issue as to undue influence where her will distributed the bulk of her estate among the natural objects of her bounty unequally, the contestant receiving somewhat less than under a previous will.

PETITION, filed in the Probate Court for the county of Suffolk on May 28, 1935, for proof of the will of Mary A. Hutchinson, late of Boston.

The respondent appealed from an order by *Prest,* J., denying a motion to frame issues for trial by jury.

*J E. Hannigan,* (*M. L. Orlov* with him,) for the respondent.

*W. E. Bennett,* for the petitioners.

RUGG, C.J. This is an appeal from the denial of a motion to frame issues for trial by jury upon a petition for

the allowance of an instrument purporting to be the last will of Mary A. Hutchinson, hereafter called the deceased. The only question argued is whether there was error in the refusal to frame the issue whether the execution of the alleged will was procured to be made in whole or in part by the fraud or undue influence of William R. Baker and Gerald K. Richardson, or either of them. Both are named as executors and are the proponents.

The case was heard upon statements by counsel for the contestant and proponents as to evidence expected to be produced at the trial, except that the statement in behalf of the proponents was made by Mr. Richardson, the one of them who drafted the instrument offered for probate as the will and who would naturally be a witness on any trial.

The governing principles of law are established and need not be repeated at length. Statements made in opposition to the motion, as well as those in its support, may be considered. The matter to be determined is whether on these statements there appears to be "a real and true question of fact to be tried supported by evidence of a substantial nature" on which "a reasonable hope for a result favorable to the party requesting the framing of issues" may be founded. *Fuller* v. *Sylvia*, 240 Mass. 49, 53. *Bemis* v. *Andrews*, 280 Mass. 409. *Cranston* v. *Hallock*, 281 Mass. 182, 184. *Smith* v. *Patterson*, 286 Mass. 356, 358. *Terry* v. *King*, 286 Mass. 598. The decision of the probate judge, in which there is an element of discretion, that there was no such question, is entitled to weight although all that was before him is printed in the record. *Clark* v. *McNeil*, 246 Mass. 250, 255. *Wilbar* v. *Diamond*, 249 Mass. 568, 573.

The deceased was a widow seventy-five years old at the time of the execution of the instrument and seventy-seven at the time of her death. Her next of kin were two sisters, one, Mrs. Lang, a childless widow, and the other, Mrs. Bruce, the mother of three daughters (one the wife of William R. Baker, another, named Jessie Bruce, who was unmarried and had been for many years a dependent upon her aunt, the deceased, and a Mrs. Dods), and the

contestant, a nephew, the son of a deceased sister. The estate of the deceased, consisting chiefly of securities, exceeded $100,000 in value. It was substantially all received under the will of her husband in 1928. The deceased was at the time of her death supporting her two sisters. She had given substantial gifts to her nephew and to her nieces; she was friendly with all of them and frequently invited them to dine with her. Jessie Bruce, who was incapable of self-support, had been dependent upon the deceased and her husband for many years and had occupied a good deal of her attention. The proponent Baker was a trusted employee of a stock brokerage house in Boston and managed and cared for the investments of the deceased after the death of her husband. She placed confidence in his judgment and attention. The contestant became an orphan when ten or eleven years of age and from that time until he was sixteen years old was virtually the child of the household of the deceased and her husband. The relations of the deceased toward him continued very friendly until the end and he was mindful of her comfort. Mrs. Baker was a niece of the deceased and, although it is said that she had not been a favorite of the deceased, she is also said to have been on friendly terms with her.

In September, 1931, a will was drawn for the deceased by the one who had been the attorney for her husband. By its provisions a trust fund of $75,000 was established for the benefit of Jessie Bruce. The income was given to her during life and at her death to her mother during her life. The remainder after the life estates was divided into fourths, one of which was given to the contestant, one to each of the two sisters of the deceased, and one to the niece Mrs. Dods. The residue of the estate was disposed of in the same way as the remainder of the trust fund. By the instrument here in question the entire estate, after one gift, is to be held in a single trust. The income is to be divided into four shares. Three tenths of the income was given the niece Jessie during her life and, in case of decease, to her mother; and upon the death of both one quarter of the principal was given to her niece Mrs. Baker, if living,

or to her testamentary appointees, or in default of such appointment ·to her heirs at law.  Three tenths of the income was given to the sister Mrs. Bruce during her life, and upon her death one quarter of the principal was given to Mrs. Baker, if living, or to her testamentary appointees, or in default of such appointment to her heirs at law. Three tenths of the income was given to the sister Mrs. Lang for her life, and upon her death one quarter of the principal was given to the niece Mrs. Dods, if living, or to her testamentary appointees, or in default of such appointment to her heirs at law.  One tenth of the income was given to the contestant until the death of the survivor of those entitled to other shares of income, when the remaining fourth of the principal was to be paid to him or to his testamentary appointees, or in default of such appointment to his heirs at law.  The instrument in question was drafted by the proponent Mr. Richardson, who was a neighbor and friend of Baker.  The deceased went to the office of Mr. Richardson and alone with him gave directions as to the terms of this instrument.  She was a strong-minded woman and there was no offer of evidence that she was easily susceptible to influence.

There are no statements of fact in the record sufficient to sustain a finding that the making of the instrument offered for proof as a will was procured to be made by the undue influence of either of the persons named.  The changes in the instrument here offered for proof as the will, when compared with the earlier instrument, fall far short of showing it.  The natural objects of the bounty of the deceased are the beneficiaries under the present instrument. While the contestant does not receive quite so much as under the earlier will, his share in the remainder remains the same.  There was no error in the denial of the motion. *Anderson* v. *Jackson*, 286 Mass. 146.  *Terry* v. *King*, 286 Mass. 598, 601.  *Marshall* v. *Cram*, 269 Mass. 124.  *Logan* v. *Driscoll*, 278 Mass. 450.  *First National Bank of Boston* v. *Francis*, 290 Mass. 49.  *Angley* v. *Brophy*, 290 Mass. 51.
*Order denying issues affirmed.*