FLORENCE A. WOODWELL *vs.* EDITH E. SLOMAN.

Essex.   November 10, 1937. — December 6, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & COX, JJ.

*Probate Court*, Jury issues.   *Unsound Mind.*

Statements of expected evidence by counsel for both parties in a contested will case disclosed no error in the denial of a jury issue as to the testamentary capacity of the decedent, an unmarried domestic, when she made the alleged will forty years before her death.

PETITION, filed in the Probate Court for the county of Essex on March 31, 1937, for proof of the will of Sarah Augusta Fuller, late of Newburyport.

A motion for jury issues was denied by *Dow*, J. The respondent appealed.

The case was submitted on briefs.

*H. W. Packer*, for the respondent.

*M. G. Ayers*, for the petitioner.

Cox, J. This is an appeal from an order of the Probate Court denying the motion of the contestant in a will case to frame an issue for trial by jury as to soundness of mind, the other proposed issues having been waived at the hearing upon the motion. No evidence was taken, but counsel for the parties made statements, which are reported, as to the evidence they intended to present at a trial. The rule governing the framing of issues has recently been restated in *Cranston* v. *Hallock*, 281 Mass. 182, *Smith* v. *Patterson*, 286 Mass. 356, and *Terry* v. *King*, 286 Mass. 598, and needs no repetition.

The will offered for probate was made in 1897 when the decedent was between thirty-eight and thirty-nine years of age. She died in 1937. From the statements of counsel for the contestant, the latter a niece of the decedent, it would appear that the decedent was of a very low type of mentality, with an inability to learn in school, although she could read printed matter; that she was subject to emotional spells which would arise without any reasonable provocation; that although she worked the greater part of her lifetime and accumulated about $7,000, opening a savings bank account some fifty years ago, she was able to do only the very simplest things such as cleaning, and could not be entrusted with work such as the cooking of meats and pastries; that she was unable to converse except upon the simplest matters, and was very fond of cats, dogs and a parrot; that at the time of her death something over $1,700 in bills was found in her room, part of which was in an old suitcase and the remainder in a paper bag; that she was niggardly with respect to her money; and that a well known psychiatrist, who evidently had not seen

the decedent, was of the opinion that she was of unsound mind. One serious difficulty with the statements in behalf of the contestant is that many of them relate to events and conditions subsequent to 1897 when the will was made.

The other side of the picture as presented by counsel for the proponent is that the decedent's mother died when she was about ten years old; that she then went to live with a Mrs. Lunt where she remained as a member of the Lunt family until she was about sixteen or seventeen years of age and was treated by Mr. and Mrs. Lunt as one of their own daughters; that thereafter she was employed for three or four years by an elderly lady to have the general care of the household; that from then on she was continually employed as a domestic in various homes in the city of Newburyport and surrounding towns; that at one time she was employed by a wealthy shoe manufacturer as a maid in his household, not only having charge of the work in the kitchen but as nursemaid for small children as well; that whenever she was out of employment she returned to the home where she spent the greater part of her life with Mr. and Mrs. Lunt and their daughters; that about a year or two prior to the execution of the will, she was employed by a Mr. Woodwell, at that time cashier of the Ocean National Bank in Newburyport, doing the general housework; that she spoke to Mr. Woodwell several times about the preparation of a will, asking him if he would procure a lawyer for her; that in consequence of this Mr. Woodwell did engage a lawyer who came to the Woodwell home and interviewed the decedent, returning after a day or two with the will, and in the presence of Mr. Woodwell, who is now living and the only surviving witness to the will, read it to the decedent and discussed with her its subject matter, concerning which she expressed complete satisfaction. By the terms of the will Mrs. Lunt was bequeathed all the decedent's estate with the provision that if Mrs. Lunt should die during the decedent's lifetime the estate should be divided equally between her two daughters.

It is evident that the psychiatrist, who was said to have expressed his opinion that the decedent was of unsound

mind, did not have before him all the facts which appear on this record, and that his opinion was subject to that infirmity. *Taylor* v. *Creeley*, 257 Mass. 21. *Wellman* v. *Carter*, 286 Mass. 237, 243. We cannot say that the judge was wrong in coming to the conclusion that there was no real and true question of fact to be tried supported by evidence of a substantial nature, giving ground for a reasonable expectation of a result favorable to the party requesting the framing of the issue. *Fuller* v. *Sylvia*, 240 Mass. 49. *Johnson* v. *Loring*, 267 Mass. 310.

*Order denying motion for issues affirmed.*