LUCY E. DAYTON *vs.* MABEL D. GLIDDEN & others.

Essex.    April 4, 1939. — May 26, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Probate Court*, Jury issues.    *Evidence*, Of undue influence.

Although, at the hearing in this court of an appeal from the denial in a probate court of a motion for jury issues as to the execution of a will, the testamentary capacity of the alleged testator and whether the will was procured to be made by undue influence, the appellant waived so much of his motion as related to the first two issues, testimony of a physician at the hearing on all the issues was not disregarded since it had a material bearing on the question whether the decedent was susceptible to undue influence and included relevant statements to the physician by the decedent.

Under the established principles of law governing the allowance or disallowance of motions for jury issues in will cases, the record on appeal from a decree denying such a motion disclosed no error.

PETITION, filed in the Probate Court for the county of Essex on August 10, 1937.

A motion for jury issues was denied by *Phelan, J.*

*J. W. Sullivan,* for the respondents.

*R. L. Sisk*, (*M. T. Holdsworth* with him,) for the petitioner.

DOLAN, J. This is an appeal from a decree, entered in the Probate Court, denying a motion that issues be framed for jury trial in the matter of the petition for probate of an instrument purporting to be the last will of Herbert W. Dayton, late of Lynn, deceased. The motion embraced the issues of due execution, soundness of mind, and whether the instrument was procured to be executed by the fraud or undue influence of Lucy E. Dayton "her agents or attorneys or any of them, exercised upon the said Herbert W. Dayton." The motion was heard by the judge upon statements of expected proof by counsel for the petitioner and for the respondents, and upon testimony of a physician who was attending the deceased at the time of the execution of the instrument. The petitioner is the Lucy E. Dayton named in the issue relating to "fraud or undue influence." She is the widow of the deceased, to whom she was married on July 28, 1937, shortly before the execution of the instrument in question on that same day. She is the sole beneficiary under the terms of the will. The deceased died on August 2, 1937, leaving as his heirs at law the petitioner, and two sisters who are the respondents.

The respondents have waived their appeal as to the issues of due execution and testamentary capacity, and argue that therefore the testimony of the physician is to be disregarded. We cannot adopt this contention since, while the conditions that render one susceptible to undue influence may not reach to unsoundness of mind (*Neill* v. *Brackett*, 234 Mass. 367, 369), the condition of a testator's mind has a material bearing on the question of whether he was in fact susceptible to undue influence. Moreover, the physician testified to statements of the deceased bearing on his attitude toward the petitioner. We think his testimony may not be disregarded in the consideration of the action of the judge with reference to the issue of undue influence. *Logan* v. *Driscoll*, 278 Mass. 450, 453, and cases cited. *Crosby* v. *Tracy*, 290 Mass. 46, 48.

The principles of law governing the framing of issues

for jury trial in will cases are fully discussed in *Fuller* v. *Sylvia*, 240 Mass. 49. They have been followed in the very many cases that the court has since passed upon involving that subject matter. Rules so firmly settled need not be repeated, and commonly it will add nothing to our jurisprudence to recite conflicting statements of expected proof or, where as in the case at bar oral testimony has been heard by the judge, to narrate its substance. See *Hannon* v. *Gorman*, 296 Mass. 437, 438.

We have examined the record in the present case, guided by the governing principles of law, and, while the case is close in some of its aspects, in the opinion of a majority of the court the decree of the judge denying the respondents' motion ought not to be reversed. *First National Bank of Boston* v. *Francis*, 290 Mass. 49, 50. Compare *Howe* v. *Howe*, 291 Mass. 419.

*Decree denying motion for jury issues affirmed.*