CHRISTOPHER C. MITCHELL vs. HELEN V. McLAUGHLIN & others.

Norfolk.    May 13, 1941. — September 15, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, COX, & RONAN, JJ.

*Probate Court*, Jury issues.  *Will,* Execution.  *Unsound Mind.   Undue Influence.*

No error was shown in the denial of a jury issue as to the due execution of an alleged will prepared and executed in the office of an attorney in accordance with previous instructions in writing by the testator, nor of an issue as to whether the testator executed the instrument "with the understanding and purpose" that it should be his will.

Statements of expected evidence merely showing changes in the mentality, personal habits and attitude toward others of a woman during a period of a few years before she made her will at the age of seventy-seven did not require the framing of a jury issue as to her soundness of mind where, so far as appeared, she was in good health at the time of the execution of the will and no expected medical evidence of unsound mind was stated.

No error was shown in the denial of a jury issue as to exertion of undue influence by the residuary legatee under a will of a woman whose family situation had changed since the making of a previous will, although the later will, as compared with the earlier will, was substantially more favorable to the residuary legatee, who was a sister and the closest companion of the testatrix, and was less favorable to certain other next of kin.

PETITION, filed in the Probate Court for the county of Norfolk on April 12, 1940, for proof of the will of Hannah A. Boyle, late of Brookline.

A motion for jury issues was heard and denied by *Poland,* J.   The respondents appealed.

The case was argued at the bar in May, 1941, before *Field,* C.J., *Donahue, Dolan, & Ronan,* JJ., and afterwards was submitted on briefs to all the Justices except *Lummus,* J.

*S. C. Brackett,* (*J. J. McLaughlin* with him,) for the respondents.

*R. S. Wilkins,* (*E. L. Twomey & C. C. Mitchell* with him,) for the petitioner.

DOLAN, J.   This is an appeal from a decree, entered in the Probate Court, denying a motion that issues be framed for jury trial in the matter of the petition for probate of an instrument purporting to be the last will of Hannah A. Boyle, late of Brookline, deceased.

The issues sought to be framed were, (1) whether the instrument was executed according to law, (2) whether the deceased was of sound mind at the time of its execution, (3) whether its execution was procured by the undue influence of Katherine E. McLaughlin and Christopher C. Mitchell "or any of them," and (4) whether the deceased executed the instrument "with the understanding and purpose that it should be her last will and testament."

The respondent contestants and appellants are George B. McLaughlin, a brother of the deceased, and seven children of James W. McLaughlin, a deceased brother of the deceased.  Katherine E. McLaughlin, the surviving sister of the deceased, is the principal beneficiary under the instrument presented for probate.  These persons, together with five children of a deceased sister, Elizabeth G. Robb, who do not contest, are the heirs of the deceased.

The case was heard by the judge upon statements of expected proof by counsel for the petitioner and for the respondents, and upon certain documentary evidence.

The deceased died April 4, 1940, at the age of seventy-nine years.  She was a widow, and left an estate of the approximate value of $180,000.  The instrument in question was executed on June 6, 1938, in the office of the petitioner who is a member of the bar, and who is named therein as executor.  It was witnessed by two well known members of the bar and by a public accountant.  The instrument was prepared by the petitioner, in accordance with the request and full instructions as to its provisions contained in a letter in evidence, and offered to be proved to be in the handwriting of the deceased.  This letter was dated June 1, 1938.  Under the terms of the instrument offered for probate the deceased bequeathed $1,000 to her surviving brother George, and $1,000 to each of the children of her brother James.  All the rest and residue of her

estate she devised and bequeathed to her sister Katherine. In the twelfth article of the instrument it is requested that the petitioner be exempt from giving sureties on his official bond as executor.

Under a testamentary instrument dated August 28, 1932, the deceased gave legacies of $1,000 each to the children of her deceased sister Elizabeth G. Robb, legacies of $2,000 each to the children of her brother James, $10,000 each to her sisters Mary F. McLaughlin and Katherine E. McLaughlin, and to each of her brothers, George and James. She gave the residue to her sister Katherine and her brother James in equal shares. James J. Gearin was named executor under this instrument. His sister had married the deceased's brother James, and for many years prior to 1932 and for some years thereafter he had acted as counsel for the deceased. The wife of James died in 1927, and thereafter he lived with Mr. Gearin. James died in 1934; the deceased's sister Mary died in 1936. It was after these changes in circumstances that the instrument now offered for probate was executed. Under its provisions the children of James are given legacies of $1,000 each instead of $2,000, the deceased's brother George is given a legacy of $1,000 instead of $10,000, and Katherine is given the residue of the estate. Nothing in the statement of counsel for the respondents indicates that any evidence will be forthcoming to show that this instrument was not prepared in accordance with the written instructions of the deceased in the office of the scrivener, and witnessed there, as before recited, by persons experienced in such matters. Nor did the respondents offer to show that the deceased did not visit the office of the scrivener, the petitioner, unattended for the purpose of executing the instrument. In these circumstances we are of opinion that it cannot be said that the judge erred in refusing to frame the issue of due execution, and the issue whether the deceased signed with an understanding and purpose that it should be her last will.

These circumstances, we think, have also a real bearing on the issue of "sound mind." Statements by the re-

spondents' counsel of expected testimony tending to show that, beginning in 1936, the deceased could not concentrate and follow card games as she had been able to in the past, that she became forgetful, that her mind was not functioning as it had been accustomed to, that she failed at times to recognize friends, that she became penurious where formerly generous, that she ceased to take pleasure in conversation, that she became slovenly in her dress when formerly she had been particular as to her appearance, and other alleged peculiarities and asserted change in her attitude toward the contestants, particularly when weighed with the circumstances surrounding the execution of the instrument in question, and the facts that so far as appears she was in reasonably good health until April, 1939, when she suffered a slight shock, and that no offer was made to show by the testimony of her attending physicians or medical experts that she was not of sound mind when the instrument was executed, or at any time, properly cannot be said to be sufficient to require that the issue of sound mind should have been framed by the judge for jury trial. See *Johnson* v. *Talbot*, 255 Mass. 155, 156; *Taylor* v. *Creeley*, 257 Mass. 21, 29–30; *Union Trust Co. of Springfield* v. *Magenis*, 259 Mass. 409, 411; *Tarr* v. *Vivian*, 272 Mass. 150, 151; *Cranston* v. *Hallock*, 281 Mass. 182, 185–186; *Wellman* v. *Carter*, 286 Mass. 237, 247.

The issue of undue influence: Much that has been already said has a bearing on the question whether this issue should have been framed for jury trial. The principles governing the framing of issues for jury trial in will cases are discussed in *Fuller* v. *Sylvia*, 240 Mass. 49. They have been consistently followed since. "The decision of the probate judge adverse to the motion is entitled to weight even though the record discloses everything which was before him. An element of discretion is vested in him which will be given weight on appeal." *Hannon* v. *Gorman*, 296 Mass. 437, 438. As was said in that case, a recital of expected testimony would ordinarily add nothing to the jurisprudence of the Commonwealth. A recital of the statements of expected proof bearing on the question of undue influence would not in our opinion serve any useful purpose in the

present case. See *Dayton* v. *Glidden*, 303 Mass. 268. Weighing what is set forth as to this subject in the record with what has already been said, and having in mind the changed conditions under which the instrument now offered for probate was executed, and the apparent facts that for a period of years the deceased made her brother James and her sister Katherine the principal objects of her testamentary bounty, as evidenced by the instrument executed in 1932, that it was only after the death of James in 1934 and that of her sister Mary in 1936 that in 1938 she executed the instrument now offered for probate, making Katherine, her then sole surviving sister, the principal object of her bounty, and that Katherine was her closest companion, with whom for some time before her death she lived, we think that the mere cutting down of the legacies to the children of her brother James, and of the legacy to her brother George, cannot be said, even in the face of assertions by the respondents, to have required that the issue of undue influence on the part of Katherine be framed for jury trial. We perceive nothing in the record to support a conclusion that this issue should have been framed as to the petitioner.

This opinion is that of a majority of the court.

*Decree denying jury issues affirmed.*