HORACE M. SALKINS & another *vs.* HELEN A. SALKINS.

Essex.    May 4, 1943. — September 15, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Probate Court, Jury issues.*

Reaffirmation and application of the established principles of law respecting jury issues in a contested will case.

PETITION, filed in the Probate Court for the county of Essex on April 17, 1941, for proof of the will of John H. Salkins, late of Marblehead.

A motion for jury issues was heard by *Phelan,* J.

*C. M. Crowell,* for the petitioners.

*H. A. Cregg,* (*J. C. Roy* with him,) for the contestant.

DOLAN, J.   This is an appeal from an order framing for jury trial in the matter of the petition for probate of an instrument purporting to be the last will of John H. Salkins

the following issue: "Was the instrument propounded for probate as the last will of said John H. Salkins procured to be made by the fraud or undue influence of Rebecca B. Nichols, George E. Prescott, Dorothy E. Prescott, William F. Prescott or any of them exercised upon the said John H. Salkins?"

The motion was heard upon the conflicting statements of expected evidence by counsel for the respective parties, which need not be recited. See *Hannon* v. *Gorman*, 296 Mass. 437; *Dayton* v. *Glidden*, 303 Mass. 268, 270. It is likewise unnecessary to state the long established principles or rules governing the disposition of such a motion as that before us which were stated in *Fuller* v. *Sylvia*, 240 Mass. 49, and have been frequently restated and followed since.

We have examined the record and are of opinion that nothing is contained therein to support the framing of the issue in question as to the Prescotts. In so far as the order framing the issue is directed to the question whether the instrument offered for probate was procured to be made by fraud or undue influence exercised upon the decedent by Rebecca B. Nichols, in the light of the established principles governing the framing of such issues, including the recognition of the element of discretion vested in the trial judge, we think that it cannot be said properly that there was error in the framing of the issue as to Rebecca B. Nichols.

The order framing the issue in question is to be modified by confining the issue to the question in so far as Rebecca B. Nichols is concerned, and as so modified is affirmed.

*Ordered accordingly.*