MELIK D. INDJIAN *vs.* DIRAN D. INDJEIAN.

Berkshire.   January 7, 1958. — February 12, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Will,* Validity.  *Unsound Mind.*

A finding that a middle aged man who died leaving only cousins and a will giving all his property to charities had testamentary capacity at the time he executed the will several years before his death was not plainly wrong on all the evidence although there was evidence of various eccentricities on his part, of his poor health, and of an epileptic seizure a few weeks after the execution of the will, and opinion testimony that he was psychotic and unable to make a will at the time of its execution.

PETITION, filed in the Probate Court for the county of Berkshire on July 15, 1955.

The case was heard by *Hanlon,* J.

*L. George Reder,* (*Charles R. Alberti, Jr.,* with him,) for the contestant.

*Stephen B. Hibbard,* for the proponent.

RONAN, J. This is an appeal from a decree of the Probate Court for Berkshire County allowing the will of Karekin Hovhanesian, commonly known as Karl Hovhanesian. The will was executed March 7, 1950. It left all his property amounting to about $25,000, most of which he had inherited, to charities. He died November 2, 1954, survived by two cousins, one of whom was the appellant; the other was nominated as executor.

Six weeks after the will was executed he entered the Cushing Veterans Administration Hospital where he was found to have a hernia. While there he had an epileptic seizure and it was discovered that he had porencephalic cysts over the left frontal area of the brain, which were the probable cause of his epileptic seizure. While at the hospital he underwent an operation for a stricture of the prostatic urethra. The wound was slow in healing. He was not operated on for hernia and there was no treatment accorded for the epilepsy other than vitamins for a week. He left this hospital on August 8, 1950. He submitted to an operation to correct the hernia in April, 1951. He thereafter consulted a local physician occasionally for a bladder condition, which grew worse until he was operated upon, and to which he succumbed at the age of sixty-one. He had sustained a severe enemy gas attack during the first World War and never thereafter seemed to enjoy sound health.

The case was fully heard in the Probate Court. The will was executed under the supervision of an experienced and careful attorney who had died before the hearing. His secretary testified to its proper execution. She also testified to the decedent's testamentary capacity. So did his family physician although he somewhat retracted when informed as to the opinion of the experts who testified for the contestant. Two experts who never saw the decedent and relied principally upon the record of the Cushing hospital and the evidence they heard testified that he was psychotic on March 7, 1950, and did not have sufficient ability to make a will.

The decedent had certain eccentricities which are set forth in the detailed findings of the judge. A repetition of

them would add nothing to the jurisprudence of the Commonwealth. In brief it may be stated that he had lived alone during the last years of his life. He lacked personal cleanliness. He wore old and abandoned clothing. He let his house get into poor condition. He was grasping for money. He had little regard for doctors or ministers. He had a temper which on occasion became violent. On the other hand, he collected the rents and paid the taxes. He did his own shopping. The neurological examination made at the Cushing hospital shortly after the will was executed showed that the decedent was well oriented as to time and place, with no obvious memory impairment. "He was given various tests and his performances in these tests were found to be 'within average range.'"

Upon the issue of testamentary capacity which was the only one on which the contestant relied, we cannot say that the judge of probate was wrong in finding that the decedent had sufficient capacity to make the will in question. *Mitchell* v. *McLaughlin,* 310 Mass. 41, 43–44. *Boston Safe Deposit & Trust Co.* v. *Blaisdell,* 333 Mass. 51. *Cowee* v. *Morton,* 336 Mass. 300.

*Decree affirmed.*