WILHELMINA H. O. MARSHALL *vs.* RALPH O. MARSHALL & others.  September 18, 1980.  The probate judge did not err in ordering rescission of the deeds by which the eighty-four year old plaintiff had conveyed her two parcels of real estate to her three sons, reserving a life estate in herself.  The evidence most favorable to the plaintiff was that her son Ralph asked her to accompany him to the office of an attorney; that the attorney was acting as such for Ralph, not for her; that she was kept waiting in the attorney's office for six hours while Ralph and the attorney conferred in the next room; that they emerged with documents which they did not explain to her and which she signed in deference to the urgings of Ralph; and that she learned only later that she had thereby made the transfers of the prop-

erties to her sons. The judge's findings were not as clear as they might have been, but we infer from his decision that he accepted as factual the evidence outlined above. He specifically found that Ralph took the plaintiff to the attorney's office; that she was highly susceptible to Ralph's influence; that Ralph "urged his mother to execute the aforesaid instruments and that such urging constituted undue influence in view of the age of the plaintiff, her susceptibility to [Ralph's] influence . . ., and her presence in the defendant's attorney's office"; that "after the plaintiff's execution of the deeds as aforesaid, [she] was chagrined to discover that she had caused the properties to be transferred to the defendants"; that she later asserted repeatedly "that she never intended to convey the properties to the defendants"; and that "the plaintiff did not know that she had conveyed title of the properties to the defendants." We think that those findings support either the judge's conclusion that Ralph obtained her signature by the use of undue influence, compare *Lyons* v. *Elston,* 211 Mass. 478, 480-482 (1912), or a conclusion that the transactions cannot stand because Ralph abused the plaintiff's trust and confidence in him by inducing her to execute documents in his favor without fully disclosing to her all the adverse legal effects of the documents or causing her to obtain independent legal advice before executing them. Compare *Markell* v. *Sidney B. Pfeifer Foundation, Inc.,* 9 Mass. App. Ct. 412, 444-445 (1980).

*Judgment affirmed.*

*George N. Ellis* for the defendants.
*John S. McCann* for the plaintiff.