H. MICHAEL SMOLAK & another *vs.* SANDRA KULPINSKI, executrix. April 8, 1981. On January 27, 1977, Theodore M. Smolak (Theodore) executed a will prepared by a lawyer whom he had selected, and with whom he had conferred several times before the date on which the will was signed. The probate judge found as a fact that the will made January 27, 1977, accurately reflected Theodore's intentions at the time of execution, and that the will was not procured through the fraud or influence of Sandra Kulpinski, who was the major beneficiary under it. A later will was made February 3, 1977, at the office of another lawyer, who was employed from time to time by Theodore's nephew, H. Michael Smolak, Jr. (Michael). Michael made arrangements for a conference between his lawyer and Theodore, attended that conference and also attended the execution of the resulting will, of which he and his brother were the prin-

cipal beneficiaries. Theodore never conferred privately with Michael's lawyer concerning the second will. Michael gave advice concerning the second will, purportedly regarding estate tax consequences, although, as the judge correctly found, the second will contained nothing which would have altered the Federal estate tax or State inheritance tax consequences which would have resulted from the earlier will. The second will was executed simultaneously with the execution of a deed by Theodore, also prepared by Michael's lawyer, which conveyed the major asset which Theodore owned, his farm, to himself, Michael and Michael's brother as joint tenants. These and other subsidiary findings made by the probate judge were sufficient to warrant his ultimate finding, and conclusion of law, that the second will was procured through undue influence. The report of material facts of the probate judge shall not be set aside unless plainly wrong, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. G. L. c. 215, § 11. *Ober* v. *Ober*, 1 Mass. App. Ct. 32, 33 (1973). See *Reilly* v. *McAuliffe*, 331 Mass. 144, 148 (1954). The judge made findings as to the susceptibility of the testator to influence, *Dayton* v. *Glidden*, 303 Mass. 268, 269 (1939); facts indicating deception practiced or improper influence exerted (particularly delivery of the deed of Theodore's farm, which Theodore promptly sought to rescind in an action in which he stated the conveyance was contrary to his intention and procured by fraud), *Hoffman* v. *Hoffman*, 192 Mass. 416, 420 (1906); and findings of submission to over-mastering actions by Michael. These findings met the criteria for a determination of undue influence described in *Neill* v. *Brackett*, 234 Mass. 367, 370 (1920). See generally *Markell* v. *Sydney B. Pfeifer Foundation, Inc.*, 9 Mass. App. Ct. 412, 429, 443-445 (1980); *Marshall* v. *Marshall*, 10 Mass. App. Ct. 893, 894 (1980). Compare *Bruno* v. *Bruno*, 10 Mass. App. Ct. 918, 919 (1980), further appellate review granted, 382 Mass. 692 (1981).

*Judgment affirmed.*

*Carmine W. DiAdamo* for the plaintiffs.
*Robert P. Sullivan* (*Donald F. Smith* with him) for the defendant.